**STATE FARM INSURANCE COMPANY, Appellant,**

v.

**Alice PULTS, Appellee.**

**No. 13–91–316–CV.**

Court of Appeals of Texas, Corpus Christi.

March 4, 1993.

John Milano, Jr., Richard J. Reynolds, III, Portia J. Bott, Thornton, Summers, Biechlin & Dunham, San Antonio, Robert L. Guerra, Thornton, Summers, Biechlin &

Dunham, McAllen, Anthony B. James, Willette & James, Brownsville, for appellant.

Ezequiel Reyna, Jr., Law Office of Ezequiel Reyna, Jr., Weslaco, Jose E. Garcia, Garcia & Ramirez, Roger Reed, Victor M. Carrera, Munoz, Hockema & Reed, McAllen, for appellee.

Before SEERDEN, KENNEDY, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

SEERDEN, Justice.

Appellant, State Farm Insurance Company, appeals from the trial court's judgment in this bad faith insurance case. By eleven points of error, State Farm complains generally of the impropriety of discovery sanctions imposed prior to trial, as well as the sufficiency of evidence, evidentiary rulings, and excessive awards at both the bench trial and the jury trial. We reverse and remand.

Because of alleged violations of its rulings regarding discovery, the trial court imposed discovery sanctions striking appellant's witnesses and pleadings. The order specifically stated that appellant failed to comply with 1) the court order concerning the production of documents and 2) the court's ruling made in open court freezing discovery. After a bench trial, the court found appellant liable for all causes of action pleaded, and awarded liquidated damages and attorney's fees. A separate trial on unliquidated damages resulted in a jury award of actual and punitive damages.

By point of error one, appellant contends the trial court abused its discretion in granting plaintiff's motion for sanctions and striking defendant's answer and witnesses because defendant did not violate a valid order concerning the production of documents as alleged by plaintiff. Pults contends the trial court properly imposed sanctions against appellant for failing to produce documents in response to a valid order.

The threshold question on appeal is whether a telephonic notice of the October

17, 1989, ruling was an effective order. Since 1923, Texas courts have consistently enforced the following general rule: All orders must be entered of record to be effective. *Ex parte Rains*, 113 Tex. 428, 257 S.W. 217, 220 (1923). Entries made in a judge's docket are not accepted as a substitute for that record. *Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 110 S.W.2d 561, 566 (Tex.Comm'n App.1937, opinion adopted). The order must be reduced to writing, signed by the trial court, and entered in the record. *Utilities Pipeline Co. v. American Petrofina Marketing*, 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ).

■ One exception to the general rule exists. An order pronounced in open court is considered "rendered" when it is officially announced and is valid from that time, making formal entry only a ministerial act. *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex. 1969); *UMC, Inc. v. Arthur Bros., Inc.*, 626 S.W.2d 819, 820 (Tex.App.—Corpus Christi 1981), *writ ref'd n.r.e.*, 647 S.W.2d 244 (Tex.1982).

■ Both parties were notified by telephone of the court's October 17, 1989, ruling on appellant's Motion for Protective Order. Although court employees noted the rulings on the docket sheet and the court read these entries into the record at the sanctions hearing held immediately prior to trial on January 29, 1990, the order had not been announced in open court, issued in writing or filed in the papers of the cause prior to that time. The court's interlocutory order stated that sanctions were imposed, in part, because appellant failed to comply with the court order requiring appellant to produce documents.

Because there was no effective order requiring production of documents when the court imposed sanctions, we conclude that the court erred in granting the Motion for Sanctions based on appellant's violation of that purported order.

Additionally, appellant urges that "death penalty" sanctions are inappropriate and too harsh under the facts of this case, and contends that the conduct involved was not outrageous, willfully disobedient, or done in bad faith. Pults urges that this case reveals a calculated pattern of discovery abuse by appellant, which fully merits the sanctions chosen by the trial court. Further, Pults urges that appellant's unfair tactical use of a motion for continuance to gain an advantage at trial clearly constitutes a "non-specific" discovery abuse for which sanctions may be imposed. *See* Tex. R.Civ.P. 215(3); *Plorin v. Bedrock Foundation & House Leveling Co.*, 755 S.W.2d 490, 491 (Tex.App.—Dallas 1988, writ denied).

■ Rule 215 authorizes the imposition of appropriate sanctions for discovery abuse. Tex.R.Civ.P. 215; *Braden v. Downey*, 811 S.W.2d 922, 928 (Tex.1991); *Parras v. McLelland*, 846 S.W.2d 44, 47–48 (Tex.App.—Corpus Christi 1992, writ requested). We follow a two part standard for determining whether imposed sanctions are just. *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). A direct relationship must exist between the offensive conduct and the sanction imposed, and it must not be excessive. *Parras*, 846 S.W.2d at 47–48 (citing *Trans-American*, 811 S.W.2d at 917).

■ Under the second prong of the test, the sanctions should be only as severe as necessary to satisfy its legitimate purpose. *Id.* The court must consider less stringent sanctions and whether they would fully promote compliance. *Id.* Further, before imposing sanctions, including exclusion of essential evidence and the striking of pleadings, the court must consider the availability of less stringent sanctions and whether they would fully promote compliance. *TransAmerican*, 811 S.W.2d at 917; *see Braden*, 811 S.W.2d at 929.

The record reveals discovery delays on both sides. Motions were filed and hearings requested. When scheduled, hearings were often rescheduled or passed at the request of either or both parties, or the court. The same is true of the trial dates. Because of the informal nature of the discovery in this case, the record is vague.

**694**

■ The trial court based its sanctions, in part, on appellant's wrongful and improper seeking of a continuance of the trial date and its violation of the court's open court ruling freezing discovery. On January 15th, the scheduled trial date, the court heard and granted appellant's Motion for Continuance. However, for purposes of discovery, the court stated that the trial commenced January 15th. The court ordered all discovery frozen. After the hearing, appellant re-issued notices for the taking of depositions in New York and took one of the three re-noticed depositions. Appellant argues that the taking of this trial deposition, originally scheduled for October, 1988, was not a violation of the trial court's freeze on discovery.

On January 29th, the court heard the Motion to Strike and Motion for Protection and Notice to Quash the Deposition[s]. Before trial on January 30th, the court imposed sanctions.

We conclude that death penalty sanctions for discovery abuse, if any, were unwarranted. The record does not indicate that the trial court considered the imposition of lesser sanctions or whether a lesser sanction would have promoted compliance. The extreme sanctions imposed fail to meet *TransAmerican's* second prong. We sustain appellant's point of error one.

Due to our disposition of the first point of error, we find it unnecessary to discuss appellant's remaining points. *See* Tex. R.App.P. 90(a).

The case is reversed and remanded.