**In re Martin Flores FUENTES and Marks & Rodriguez Delivery Service, Inc.**

No. 13–97–464–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 4, 1997.

Katie Pearson Klein, Larry W. Lawrence, Dale & Klein, McAllen, for relator.

Robert Garza, Brownsville, for respondent.

Ray R. Marchan, Eddington & Associates, L.L.P., Warren L. Eddington, Law Office of Warren L. Eddington, P.C., Brownsville, for real parties in interest.

Before DORSEY, YANEZ and RODRIGUEZ, JJ.

## OPINION

YANEZ, Justice.

This original mandamus proceeding concerns the propriety of the trial court's order granting a new trial. Relators, Martin Flores Fuentes and Marks & Rodriguez Delivery Service, Inc., complain that respondent, the Honorable Judge Robert Garza, abused his discretion in entering an order granting a new trial on May 5, 1997, because it was entered after the court had already lost plenary jurisdiction. Relators request that this Court grant this writ of mandamus and writ of prohibition directing Judge Garza to vacate his May 5, 1997 order and to proceed no further in this case. We conditionally grant the relief requested.

### Facts

The real party-in-interest, Joe H. Gonzalez, sued relators in the underlying proceeding for damages resulting from an automobile accident. A jury found that both parties were negligent, and apportioned the responsibility for Gonzalez's injuries eighty percent to relators, and twenty percent to Gonzalez. After finding there was no evidence supporting the conclusion that Gonzalez had been negligent, Judge Garza decided to remove the finding of comparative negligence with respect to Gonzalez and enter a judgment notwithstanding the verdict. Gonzalez then filed a motion to disregard jury findings, which the court granted and memorialized in a judgment entered February 7, 1997. On February 14, 1997, Gonzalez filed a motion for new trial on damages, which was denied by written order on March 31, 1997. On April 3, 1997, Gonzalez filed a motion for reconsideration of the previously filed motion.

By letter dated April 23, 1997, the trial court notified the parties of its decision to grant a new trial, and requested Gonzalez's attorney, Ray Marchan, to submit an order to that effect for the judge to sign. By April 30, 1997, seventy-five days after the judgment had been entered, no such order had been signed or entered into the court's file. On May 5, 1997, the trial court signed an order granting a new trial. Relators contend the trial court had lost jurisdiction by the time it signed the order. Gonzalez contends the court's plenary jurisdiction extended to and beyond May 5, 1997, and that the court's letter dated April 23, 1997, is actually the order granting a new trial, with the May 5, 1997 order merely constituting a ministerial act.

### Standard for issuance of a writ

▮ Mandamus is an extraordinary writ which should be issued only when there has

been a clear abuse of discretion committed by the trial court and there exists no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). In ordinary circumstances, an order granting a new trial is not reviewable on appeal, as it is considered an interlocutory order. *Gee v. Lewisville Memorial Hosp., Inc.,* 849 S.W.2d 458, 461 (Tex.App.—Fort Worth 1993, writ denied). Moreover, it is the general rule, well established, that an appellate court will not review by mandamus an action of the trial court granting a new trial while it still has jurisdiction of the cause. *Johnson v. Court of Civil Appeals for the Seventh Supreme Judicial Dist. of Tex.,* 162 Tex. 613, 350 S.W.2d 330, 331 (1961). In other words, while the trial court has jurisdiction, its discretion and judgment in granting a new trial cannot be controlled or directed by mandamus. *Id.* (citing *Angelina Cas. Co. v. Fisher,* 319 S.W.2d 387, 388–89 (Tex.Civ.App.—Beaumont 1958, orig. proceeding); *Anchor v. Martin,* 116 Tex. 409, 292 S.W. 877, 877 (Tex.Com.App.1927) (orig.proceeding); and *Trevino v. Doughty,* 311 S.W.2d 276, 278 (Tex.Civ.App.—San Antonio 1958, orig. proceeding)).

■ Mandamus is appropriate to correct a void order of the trial court, however. *Urbish v. 127th Judicial Dist. Court,* 708 S.W.2d 429, 431 (Tex.1986); *Texas v. Ferguson,* 133 Tex. 60, 63, 125 S.W.2d 272, 274 (1939) (orig.proceeding); *McGrew v. Heard,* 779 S.W.2d 455, 457 (Tex.App.—Houston [1st Dist.] 1989, orig. proceeding). "An order is void when a court has no power or jurisdiction to render it." *Urbish,* 708 S.W.2d at 431. When an order granting a new trial is wholly void because it was entered by a court without jurisdiction, the matter becomes one which is reviewable via writ of mandamus. *See Johnson,* 350 S.W.2d at 331; *Trinity Capital Corp. v. Briones,* 847 S.W.2d 324, 325 (Tex.App.—El Paso 1993, orig. proceeding); *Angelina Cas. Co.,* 319 S.W.2d at 388.

### Application Of Law To Facts

■ Texas Rule of Civil Procedure 329b(a) states that a motion for new trial must be filed within thirty days of judgment. Tex.R. Civ. P. 329b(a). If such motion is timely filed, Rule 329b(c) grants plenary power to the trial court for seventy-five days from the date judgment was entered. *Id.* If the court overrules the motion, it retains plenary power to vacate or alter the judgment "until thirty days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." Tex.R. Civ. P. 329b(e). Section (e), by its terms, only applies where the motion for new trial has been overruled. *Alvarez v. Brasch,* 747 S.W.2d 551, 552 (Tex.App.—Corpus Christi 1988, orig. proceeding). Thus, the maximum duration of the trial court's plenary power would be 105 days (thirty days after motion overruled by operation of law), but otherwise, it terminates thirty days after a motion is overruled by an earlier order. Only the motion for new trial may extend the trial court's plenary power. Subsequent motions do not. To rule otherwise, as relators suggest, would allow the unnecessary perpetuation of the trial court's plenary authority to a degree not specified or arguably even contemplated by the rules.

■ The trial court denied Gonzalez's motion for new trial by written order on March 31, 1997. Therefore, absent the existence of a valid order filed within thirty days of the court's denial reversing the March 31 order, the trial court's plenary power extended no later than April 30, 1997. The critical issue, then, is whether Judge Garza's letter of April 23, 1997, explaining his decision to grant a new trial constituted such an order. If it did, the trial court retained jurisdiction, and such decision would not be reviewable on appeal. If it did not, then the court's jurisdiction terminated on April 30, 1997, and the purported order of May 5, 1997 is a nullity.

In the instant case the court's letter reads as follows:

> After almost thirteen (13) years as Judge, I have granted very few new trials and generally agree with the defense in their argument and case law, however, this Court is concerned with what happened during jury deliberations per the juror's testimony regarding the discussion of insurance used to determine the award and

liability which was in violation of the Court's instructions.

After reconsideration, the Court finds that it is in the interest of justice that a new trial be granted and I will so order.

I would ask that you submit an Order in accordance with my ruling and also submit a Motion for Trial Setting.

There is also an undated docket sheet entry which also contains the text of the letter. Gonzalez has submitted an affidavit from the trial court's court coordinator, Cindy Perez, stating that, although she omitted to date the entry, she did make the entry on April 23, 1997. After submission to this Court, Gonzalez filed an affidavit from Rosa Maria Ochoa, the deputy district court clerk for the 138th district court, stating that Perez had forwarded the court's letter to Ochoa, and Ochoa "then file[d] it away and it thereafter became part of [t]he court's file." Based on the forgoing, Gonzalez contends the court's letter of April 23, 1997, should be considered a valid order. At oral argument, he cited this Court to rule 306a(2) and maintained that because the letter is in writing, is dated, names the parties and the cause of action, and is reflected in the court's docket sheet, it should be treated as an order. We disagree.

Rule 306a determines what constitutes a final order for purposes of the running of appellate timetables and "shall not determine what constitutes rendition of a judgment or order for any other purpose." TEX.R. CIV. P. 306a(1). Therefore, if the court's April 23, 1997, letter were a valid order granting a new trial, rule 306a is inapplicable because it only pertains to final appealable orders. Appellate timetables would not commence from such an interlocutory order. Accordingly, the letter's "compliance" with the rule's "written, signed and dated" requirements may not be used to validate it for some other purpose (i.e. to show that it a valid order in general).

 It is well-settled that a written order must appear somewhere in the court's record in order to be effective, whether it be in the court's file record or in the minutes of the court.[1] Since 1923, Texas courts have consistently enforced the following general rule: All orders must be entered of record to be effective. *State Farm Ins. Co. v. Pults*, 850 S.W.2d 691, 692–93 (Tex.App.—Corpus Christi 1993, no writ) (citing *Ex parte Rains*, 113 Tex. 428, 257 S.W. 217, 220 (1923)). The order must be reduced to writing, signed by the trial court, and entered in the record. *Pults*, 850 S.W.2d at 692; *Utilities Pipeline Co. v. American Petrofina Marketing*, 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ). Neither entries made in a judge's docket sheet nor affidavits are acceptable as substitutes for that record. *First Nat'l Bank of Giddings, Tex. v. Birnbaum*, 826 S.W.2d 189, 190 (Tex.App.—Austin 1992, no writ) (citing *Hamilton v. Empire Gas & Fuel Co.*, 134 Tex. 377, 110 S.W.2d 561, 566 (1937); *Burns v. State*, 814 S.W.2d 768, 771 (Tex. App.—Houston [14th Dist.] 1991); *Ranier v. Brown*, 623 S.W.2d 682, 684 (Tex.App.—Houston [1st Dist.] 1981, orig. proceeding)). Courts have continually held that docket sheets are not part of the record because, as the Austin Court of Appeals has stated, "they are inherently unreliable because they lack the formality of orders and judgments." *Birnbaum*, 826 S.W.2d at 190–91 (citing *Energo Int'l Corp. v. Modern Indus. Heating, Inc.*, 722 S.W.2d 149, 151 n. 2 (Tex.App.—Dallas 1986, no writ)).

There is no indication that the letter in the instant case ever became part of the court's record. Despite Gonzalez's contentions that the "decision" was "made a part of the court's file," we see no proof of this. Neither party has demonstrated that the letter itself was ever filed. The only evidence linking the court's letter to the court's records is an undated docket sheet entry and after-the-fact affidavits by the court coordinator and the deputy clerk. A docket sheet entry, even if it had been accompanied by an oral pronouncement, would not substitute for a written order. *Faulkner v. Culver*, 851 S.W.2d 187, 188 (Tex.1993) (orig.proceeding); *Estate*

1. A judgment or order is "filed" when it is placed in the custody of the clerk of the trial court for inclusion with the papers in the cause, and it is "entered" when the clerk places a copy of the judgment or order in the official record of the court, which is its minutes. *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 863–64 (Tex.Civ. App.—Corpus Christi 1980, no writ).

of *Townes v. Wood,* 934 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1996, orig. proceeding) (holding that an order must determine the merits of the motion *and* grant the motion in writing to be effective); *Zavaletta v. Cellular Eng'g, Ltd.,* 805 S.W.2d 915, 916 (Tex.App.—Corpus Christi 1991, no writ). Similarly, affidavits from court personnel cannot substitute for proof that an order actually is part of the court record, which could be demonstrated by a certified copy of a file-marked order, or a certified copy of the court's minutes.

Besides the absence of proof that the letter was made a part of the record, it cannot, by its own terms, be construed as an order. We do not dispute that a letter from the trial court to the parties may, under certain circumstances, be treated as an order. In *Champion Int'l Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898 (Tex.1988) (orig.proceeding), the supreme court determined that a "letter order" granting a new trial can be construed as a valid order. In that case, the court's "letter order" stated in present language "the Court orders a mistrial" and indicated that the case would be rescheduled for trial. *Id.* at 899. In *Schaeffer Homes, Inc. v. Esterak,* 792 S.W.2d 567 (Tex.App.—El Paso 1990, no writ), the reviewing court held that a letter written to the parties constituted an order granting a new trial based on its clear language and the fact that it was filed with the district clerk. The letter stated, "the defendant's motion for new trial is granted," and it was signed, dated, and filed. In addition, the court noted that there was no draft, directive, or subsequent order evidencing the letter was not considered by the judge to have operative effect. *Id.* at 569.

The letter in this case, however, is distinguishable from the letters in *Schaeffer Homes* and *Champion* in two significant respects. First, it clearly contemplates future action. The court requested that Gonzalez's attorney submit an order for signature. If the trial court had intended the letter to be

an order in itself, it would seem illogical for the court to then request another order, for such order would be duplicative.[2] Second, as we have already mentioned, the letter was not filed with the court clerk. We concur with the reasoning of the *Schaeffer Homes* court when it stated "the non-filing of the letter and the later entry of a formal order reflects that the trial judge did not intend the earlier letter to serve as an entered order." *Schaeffer Homes,* 792 S.W.2d at 569.

In summary, we conclude the trial court's order of May 5, 1997, is void because it was entered after the court's plenary power had expired. The court denied Gonzalez's motion for new trial by written order on March 31, 1997. There is no basis for concluding that order was withdrawn or modified by a subsequent order during the next thirty days. Accordingly, it must stand, and the judgment rendered on February 14, 1997 is final.

We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its order granting a new trial and order the court to cease and desist from further action in this matter. We presume respondent will comply, and mandamus will issue only should it fail to comply.

---

**2.** Gonzalez offers the court's explanation from a hearing conducted on June 19, 1997, as proof that he intended the letter to be an order. We decide the issue based on the content of the letter itself and its existence in the court's record. We will not consider the latter explanation, however,

because it would be improper for this Court to consider the substance of a hearing which occurred outside the trial court's plenary power, and is therefore a legal nullity, as proof of what was intended by the court.