Jack Hance v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-353-CR

     JACK HANCE,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the County Court at Law No. 2
 McLennan County, Texas
Trial Court # 98074 CR2 
                                                                                                                

MEMORANDUM OPINION
                                                                                                                
 
      Jack Hance filed a notice of appeal on December 7, 1998, appealing an adverse decision on
a pretrial motion to suppress. We notified him on December 17 that we did not believe we had
jurisdiction over the interlocutory appeal. Tex. R. App. P. 44.3. Hance has filed a motion to
dismiss his interlocutory appeal. Id. 42. 
      We grant Hance's motion and dismiss his interlocutory appeal.
 
                                                                         PER CURIAM

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed December 30, 1998
Do not publish



1 );
 document.write( '
Close' );
 document.write( '' );
 }

 one particular factor, language indicating a
present act, is sorely missing from the letter in this case. See General Elec. Capital Auto
Financial Leasing Services, Inc. v. Stanfield, 71 S.W.3d 351, 355 (Tex. App.—Tyler 2001, no
pet.); In re Fuentes, 960 S.W.2d 261, 265 (Tex. App.—Corpus Christi, 1997, no writ); Schaeffer
Homes, Inc. v. Esterak, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no writ). The rendition
of a judgment is a present act, either by spoken word or signed memorandum, which decides the
issues upon which the ruling is made. Reese v. Piperi, 534 S.W.2d 329, 330 (Tex. 1976). A
judge’s intention to render judgment in the future cannot be a present rendition of judgment. Id.
      The letter the trial court sent to the parties in this case stated: “I will withdraw my ruling and
the summary judgment previously signed. I will reconsider the same on February 1, 2003." 
(Emphasis added). It is not clear that the trial court intended a present ruling withdrawing his
earlier order. This is especially true when, as here, the trial court indicated a specific date in the
future when he intends to reconsider the ruling and the summary judgment. By stating he intended
to “reconsider the same” in the second sentence of the letter, and having referenced only his
“ruling and summary judgment previously signed” in the first sentence, the logical construction
of the letter is that on February 1, 2003, he will reconsider the earlier ruling and summary
judgment, in essence the judgment he signed on January 10, 2003. His use of the term “will,”
not once but twice, in the letter also indicates an event to occur in the future, not a present act.
      This letter is not an order. Because the majority finds that it is, I respectfully dissent to the
majority’s decision to deny the petition for writ of mandamus.



 
                                                                   TOM GRAY 
                                                                   Chief Justice

Dissenting opinion issued and filed December 17, 2003