Opinion issued February 6, 2003
 










In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-00-01081-CV
____________

COINMACH, INC., Appellant

V.

ASPENWOOD APT. CORP., Appellee




On Appeal from the 125th District Court
Harris County, County, Texas
Trial Court Cause No. 98-15016




O P I N I O N
          The issue for this Court is whether the effective date of the order granting a
new trial is (1) the date the trial court signs the order or (2) the date the trial court
clerk file-stamps the signed order. If the latter, then the order granting the new trial
in this case did not take effect before the trial court’s plenary jurisdiction expired, and
this appeal will proceed. If the former, then the trial court granted a new trial during
its plenary jurisdiction, and this appeal will be dismissed for want of jurisdiction. We
hold that the order granting a new trial became effective on the date signed by the
trial court, and we dismiss this appeal for want of jurisdiction.
Procedural Background
          This is an appeal from a judgment signed on June 14, 2000. Defendant and
appellant, Coinmach, Inc. (Coinmach), timely filed, on July 14, 2000, a motion to
modify and a motion for new trial. See Tex. R. Civ. P. 329b(a), (g). Coinmach’s
notice of appeal was timely filed on September 11, 2000. See Tex. R. App. P. 26.1(a). 
On September 25, 2000, during its plenary jurisdiction, the trial court signed an order
granting a new trial.


 The trial court clerk file-stamped the order granting a new trial
on October 3, 2000.
          On September 29, 2000, plaintiff and appellee, Aspenwood Apt. Corp.
(Aspenwood), filed a motion in this Court to “preserve appellate jurisdiction.” In that
motion, Aspenwood requested this Court to order the trial court clerk to file the
clerk’s record as such record existed on September 27, 2000. Aspenwood argued that 
as of that date, when the trial court’s plenary jurisdiction expired, there was no order
in the record granting a new trial and that to be effective such an order had to be
either in the court’s file record or in the minutes of the court. Aspenwood supported
its argument with citations to In re Fuentes, 960 S.W.2d 261 (Tex. App.—Corpus
Christi 1997, orig. proceeding) and State Farm Ins. Co. v. Pults, 850 S.W.2d 691
(Tex. App.—Corpus Christi 1997, no writ). This Court denied the motion on October
4, 2000, without stating its reasons.
          On October 6, 2000, Coinmach filed an emergency motion to abate appeal. 
Coinmach maintained that, unless the Court abated the appeal until the trial court’s
order granting a new trial was no longer subject to challenge on appeal, Coinmach
faced the trap that if this appeal were dismissed, and Aspenwood ultimately were to
succeed in its argument that the new trial order was void, Coinmach would have no
way of appealing the initial judgment, which is the subject of this appeal. In the
motion, Coinmach argued that the timeliness of an order granting a new trial
depended on the date the order was signed, not the date it was entered or filed by the
trial court clerk, as insisted by Aspenwood. In support, Coinmach cited to Tex. R.
Civ. P. 329b(e) and several cases, the two most closely on point being Board of
Trustees of Bastrop v. Toungate, 958 S.W.2d 365 (Tex. 1997) and Heard v. Heard,
305 S.W.2d 231 (Tex. Civ. App.—Galveston 1957, writ ref’d). Aspenwood
responded that the cases cited by Coinmach were distinguishable, and, while
admitting that no reported case dealt with the precise question before this Court,
insisted that a long line of cases dictated that judgments, orders, and decrees of courts
of record must be entered of record, again relying on Pults and Fuentes, among other
cases. Aspenwood also argued on public policy grounds that if “an order signed by
a trial judge was effective while maintained in the trial judge’s private papers, it
would invite a host of problems,” and seemed to suggest that future orders could
simply be backdated. However, Aspenwood states that it is not questioning the
integrity of the trial judge in this case.
          The Court denied the motion to abate appeal and, in the same order, stated that
the recently filed clerk’s record showed the order granting a new trial was signed
while the trial court had plenary jurisdiction. Noting that there was no appeal from
an order granting a new trial, see Stolhandske v. Stern, 14 S.W.3d 810, 814 (Tex.
App.—Houston [1st Dist.] 2000, pet. denied), the Court ruled that the appeal would
be dismissed unless within 30 days, a party filed a supplemental clerk’s record and
brief demonstrating that it had jurisdiction of the appeal.
          Aspenwood filed a “brief demonstrating that this Court has jurisdiction of this
appeal,” which reiterated its previous arguments. Aspenwood also asserted that
“common sense and public policy” favored its position that a trial court was not
permitted to supplement the case file or to make docket entries after its plenary
jurisdiction had expired, even when such actions were taken to document an order
signed when the trial court had plenary jurisdiction. According to Aspenwood, it
would be otherwise “unworkable.” It asks, if a week’s delay in supplementing the
case file is acceptable, why not a month or a year’s delay? Aspenwood relied on
Reese v. Piperi, 534 S.W.2d 329 (Tex. 1976). Furthermore, according to Aspenwood,
Tex. R. Civ. P. 76 requires that all a trial court’s papers be available to counsel for
review, and rule 76 could not be followed if orders could be effective prior to the time
they are placed in the public record.
          Coinmach filed a motion to dismiss for want of jurisdiction, reiterating its
previous arguments.
Analysis
          Our starting point is the applicable rules of civil procedure: 
1. Beginning of periods. The date of judgment or order is signed as
shown of record shall determine the beginning of the periods prescribed
by these rules for the court’s plenary power to grant a new trial . . . . but
this rule shall not determine what constitutes rendition of a judgment or
order for any other purpose.
 
Tex. R. Civ. P. 306a(1) (emphasis added).

2. Date to be shown. Judges, attorneys and clerks are directed to use
their best efforts to cause all judgments, decisions and orders of any kind
to be reduced to writing and signed by the trial judge with the date of
signing stated therein.
 
Tex. R. Civ. P. 306a(2) (emphasis added).

3. Notice of judgment. When the final judgment or other appealable
order is signed, the clerk of the court shall immediately give notice to
the parties or their attorneys of record by first-class mail advising that
the judgment or order was signed. Failure to comply with the provisions
of this rule shall not affect the periods mentioned in paragraph (1) of this
rule, except as provided in paragraph (4) [provision for altering the date
of judgment when established that “notice or actual knowledge of the
signing” of the judgment was not received by certain dates].
 
Tex. R. Civ. P. 306a(3) (emphasis added).

(c) In the event an original or amended motion for new trial . . . is not
determined by written order signed within seventy-five days after the
judgment was signed, it shall be considered overruled by operation of
law on expiration of that period.
 
Tex. R. Civ. P. 329b(c) (emphasis added).

(e) If a motion for new trial is timely filed by any party, the trial court,
regardless of whether an appeal has been perfected, has plenary power
to grant a new trial or to vacate, modify, correct, or reform the judgment
until thirty days after all such timely-filed motions are overruled, either
by a written and signed order or by operation law, whichever occurs
first.
 
Tex. R. Civ. P. 329b(e) (emphasis added).

          The meaning of rules 306a and 329b could not be plainer.


 It is the date of the
signing of the judgment by the trial court that determines the beginning of the period
prescribed for the trial court’s plenary power to grant a new trial. See Tex. R. Civ.
P. 306a(1), (2). The trial court clerk gives the parties notice of the date of the signing
of the judgment, not of the date the trial court clerk filed the judgment. Tex. R. Civ.
P. 306a(3). A trial court has plenary power to grant a new trial within 30 days after
the judgment is signed. See Tex. R. Civ. P. 329b(d). If a motion for new trial is
timely filed,


 and it is not determined by a written order signed within 75 days after
the judgment was signed, it is overruled by operation of law. See Tex. R. Civ. P.
329b(c). If a timely-filed motion for new trial is overruled either by a signed order
or by operation of law, the trial court retains plenary jurisdiction to grant a new trial
for 30 days after such overruling. Tex. R. Civ. P. 329b(e).
          In fact, rule 306a(4) recognizes that a party may not get notice of the signed
judgment. Tex. R. Civ. P. 306a(4). In such an event, rule 306a(5) provides a
procedure under which the date the party or its counsel received notice or actual
knowledge of the signing of the judgment may be established as the date from which
the period commences for filing a motion for new trial or for the trial court’s plenary
jurisdiction. Tex. R. Civ. P. 306a(5).
          The holdings of the Texas Supreme Court in Reese v. Piperi and the Corpus
Christi Court of Appeals in In re Fuentes and State Farm Ins. Co. v. Pults, relied
upon by Aspenwood, do not place a different interpretation on the language in rules
306a and 329b.
          In Reese v. Piperi, the judgment was granted on May 16; the motion for new
trial was filed on May 23. 534 S.W.2d at 329. The trial court held a hearing on the
motion on June 25, at which time it announced its intention to grant a new trial. Id. 
However, the trial court did not sign an order granting the new trial until September
5. Id. at 330. The supreme court held that the trial court’s oral pronouncement of its
intention did not constitute a rendition of an order granting a new trial. Id. Instead,
the only rendition was the signing of the order granting a new trial on September 5,
a date long after the motion for new trial had been overruled by operation of law. 
Reese supports our construction of rules 306a and 329b.
          In In re Fuentes, the judgment was entered on February 7; the motion for new
trial was filed on February 14. 960 S.W.2d at 262. The motion for new trial was
denied by written order on March 31. Id. A motion for reconsideration was filed on
April 3, and by letter dated April 23 the trial court announced its intention to grant
a new trial. Id. An order granting a new trial was signed on May 5. Id. The Corpus
Christi court held that the May 5 order was a nullity because it was signed after the
trial court lost jurisdiction and the April 23 letter and the April docket sheet entry
lacked the formality of a written order and would not operate to withdraw the order
of March 31 denying the motion for new trial. Id. at 264-65. Like Reese, Fuentes
does not stand for the proposition that the filing of a signed order by the trial court
clerk is necessary for the order to be effective for the purpose of determining the
period of the trial court’s plenary power.
          In State Farm Ins. Co. v. Pults, the parties were notified by telephone that on
October 17, the trial court had ruled on a motion for protective order, granting the
motion. 850 S.W.2d at 693. However, the ruling was never read into the record, nor
was an order signed at that time. At the sanctions hearing in January, when the trial
court concluded that a party had failed to comply with its October 17 ruling, the
October 17 ruling on the motion for protective order was noted on the docket sheet
and read into the record, apparently for the first time. Id. It was within this context
that the Corpus Christi court held that there was no effective sanctions order that had
been violated by the party because no order had been “reduced to writing, signed by
the trial court, and entered in the record.” Like the other cases relied on by
Aspenwood, Pults does not hold that, for an order to be effective to begin the period
of the trial court’s plenary power, it must be both signed by the trial judge and filed
by the trial court clerk.
          We believe that the plain language of rules 306a and 329b, in two cases cited
by Coinmach, Board of Trustees and Heard, and a case revealed by our research, In
re Barber, 982 S.W.2d 364 (Tex. 1998), are dispositive of the issue presented by this
case.
          In Board of Trustees, the trial court signed a modified judgment when it had
plenary power to do so, but it then waited 31 days to notify the parties. 958 S.W.2d
at 367. The modified judgment was not filed until 38 days after it was signed. Id. 
The supreme court held that the modified judgment was rendered when signed, citing
to rule 306a(1). Id. The supreme court noted that the trial court should have
submitted the modified judgment to the trial court clerk immediately upon signing it. 
Id. The fact that the trial court did not do so, did not negate the effectiveness of the
signed modified judgment.
 
          Citing to Board of Trustees, in In re Barber, the supreme court held that for
purposes of determining whether an order granting a new trial is timely,


 it is the date
of the signing of such an order by the trial judge, not the date of entry by the trial
court clerk, that controls. 982 S.W.2d at 367. 
          Finally, in Heard, the original judgment signed by the trial judge showed the
date of signing as June 13. 305 S.W.2d at 233. However, the copy of the judgment
in the original clerk’s record contained a notation as follows: “/s/ and filed June 26.”


 
Id. An affidavit of the trial court clerk stated that the clerk had made the notation and
that it reflected the date the clerk had filed the judgment and not the date the trial
judge had signed it. Id. This Court stated that the notation of the date of filing made
by the trial court clerk beneath the signature of the trial judge was without force to
establish the date the judgment was signed. Id. at 234. Heard is on all fours with
Board of Trustees in concluding that it is the signature date and not the filing date
that is relevant in determining the time periods for various steps of the appeal.
Conclusion
          We hold that the trial judge in this case signed the order granting a new trial
while the court had plenary jurisdiction; it is of no consequence to the timeliness of
that order that it was not file stamped by the trial court clerk until after that plenary
jurisdiction had expired. See Tex. R. Civ. P. 306a(1); Board of Trustees, 958 S.W.2d
at 367. Because there is no appeal from an order granting a new trial, appellant’s
motion to dismiss for want of jurisdiction is granted, and this appeal is dismissed. 
See Stolhandske, 14 S.W.3d at 815.
          All other outstanding motions are denied as moot.
 
 
                                                                                  Evelyn V. Keyes
                                                                                  Justice
 
 
Panel consists of Justices Hedges, Jennings, and Keyes.