

**NUMBER 13-14-00274-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MARI REGALADO,**                                                                      **Appellant,**

**v.**

**SERGIO MUNOZ JR.,**                                                                      **Appellee.**

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides
Memorandum Opinion by Justice Rodriguez**

This appeal addresses the contest of a primary election involving the race for Texas State Representative for House District 36.   *See* TEX. ELEC. CODE ANN. § 232.002 (West, Westlaw through 2013 3d C.S.) ("Any candidate in an election may contest the election.").   By two issues, appellant-contestant Mari Regalado challenges the trial court's denial of her second motion for continuance and its grant of a no-evidence

summary judgment in favor of appellee-contestee Sergio Munoz Jr. We affirm.

## I. BACKGROUND

Regalado and Munoz were candidates in the Texas State Representative for House District 36 Democratic Primary Election on March 4, 2014. The canvass, conducted on March 13, 2014, determined that of the 9,195 votes cast in this race, Munoz received 7,040 votes, or 76.56 percent, and Regalado received 2,155 votes, or 23.44 percent. Munoz was declared the winner because he received more than 50 percent of the votes.

## A. Petition and Answer

Regalado timely filed a lawsuit contesting the results of this election. *See id.* § 232.008 (West, Westlaw through 2013 3d C.S.). In her petition, Regalado stated that she was challenging the result of the Texas State Representative for House District 36 Democratic Primary Election. Regalado claimed that she would "prove by clear and convincing evidence that a sufficient number of illegal votes were counted to affect the outcome of the election . . . ."[1]

---

[1] Regalado claimed that the illegal votes occurred because of the following:

> that either through malfunction or illegal manipulation, [that persons] who voted for one candidate had their votes re-cast for other candidates and that persons who voted for **MARI REGALADO** had their votes counted for one of the other candidates; election machines either malfunctioned or were illegally tampered with to affect the outcome of the election; election officials or other persons officially involved in the administration of the election witnessed that election machines appeared to either malfunction or were tampered with so that the outcome of the election was affected; many complaints were brought to the attention of the Hidalgo County Elections Administrator to raise doubts concerning the accuracy of the election results and of the functioning of the election machines; the election process failed to count legal votes, and/or engaged in other fraud or illegal conduct or made mistakes that precluded an accurate count of the vote cast.

(Emphasis in original.).

Munoz filed an amended answer, generally denying Regalado's allegations and objecting to her exhibits. Munoz's answer included a plea to the jurisdiction, which the trial court denied.

## B. Regalado's Motions for Continuance

On April 21, 2014, Regalado filed a motion for continuance, seeking "the maximum time allowed for continuance, so that the grand jury may investigate [impounded election materials] thoroughly and accurately for the sake of the contestee, the contestant, and the community." *See id.* § 232.012(e)(1) (West, Westlaw through 2013 3d C.S.) (setting out that "[t]he district judge may not grant a continuance in the trial except one time for a period not exceeding 10 days for good cause supported by the affidavit of a party"). Regalado attached her affidavit "as evidence of good cause in furtherance of this motion." *See id.*; TEX. R. CIV. P. 251 ("No application for a continuance shall be heard before the defendant files her defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."). The trial court granted Regalado's motion for continuance and ordered that the trial date be continued for ten days, from April 25, 2014 to May 5, 2014. *See* TEX. ELEC. CODE ANN. § 232.012(e)(1).

---

In support of her allegations, Regalado attached the following exhibits to her petition: (1) voter Benito Garza's handwritten Hidalgo County Elections Department Incident Report, which outlined a voting irregularity that Garza experienced while using Hidalgo County's electronic voting machines in another race; (2) an affidavit from Richard Alvarez, an executive assistant to the Hidalgo County Judge, regarding the problem voter Garza experienced when he attempted to cast a vote in the race for Hidalgo County District Attorney; and (3) three letters from Regalado and/or other candidates addressed to commissioners and/or Hidalgo County Judge Ramon Garcia requesting, among other things, a "forensic expert" to "inspect each voting machine to ensure that they [had] not malfunctioned or been subjected to fraud or tampering."

3

At the May 5, 2014 hearing, Regalado presented her motion for a second continuance.[2] Following argument, during which Munoz objected to the continuance, the trial court denied Regalado's motion in open court. *See id.*; *see also State Farm Ins. Co. v. Pults*, 850 S.W.2d 691, 693 (Tex. App.—Corpus Christi 1993, no writ) ("An order pronounced in open court is considered 'rendered' when it is officially announced and is valid from that time, making formal entry only a ministerial act.").

## C. Munoz's Motion for No-Evidence and Traditional Summary Judgments

Munoz filed a motion for no-evidence and traditional summary judgments. In his no-evidence motion, Munoz asserted, among other things, that Regalado "had sufficient time for discovery" and that she provided "no evidence of irregularities in the <u>contested election</u> and no evidence [that] the irregularities affected the outcome of the election."[3]

---

[2] It is undisputed that a copy of Regalado's written motion for continuance was before the trial court at the May 5, 2014 hearing, although it does not appear in the appellate record.

[3] The focus of a trial court's inquiry in an election contest is set out in section 221.003(a) of the election code as follows:

(a) The tribunal hearing an election contest shall attempt to ascertain whether the outcome of the contested election, as shown by the final canvass, is not true because:

 (1) illegal votes were counted; or

 (2) an election officer or other person officially involved in the administration of the election:

  (A) prevented eligible voters from voting;

  (B) failed to count legal votes; or

  (C) engaged in other fraud or illegal conduct or made a mistake.

TEX. ELEC. CODE ANN. § 221.003(a) (West, Westlaw through 2013 3d C.S.).

"To set aside the outcome of an election, the contestant must prove by clear and convincing evidence that a violation of the election code occurred and such violation materially affected the outcome

(Emphasis in original.)  In his traditional motion, Munoz argued that he had negated these same essential elements.[4]  Although the trial court noted at the summary-judgment hearing on May 5, 2014, that it had read the motion and the response, it is undisputed that Regalado filed no written response to Munoz's motion for no-evidence and traditional summary judgments.

On May 9, 2014, the trial court granted Munoz's no-evidence and traditional motions for summary judgment.  This accelerated appeal followed.  *See* TEX. ELEC. CODE ANN. § 232.014 (West, Westlaw through 2013 3d C.S.).

## II.  MOTION FOR CONTINUANCE

By her first issue, Regalado contends that the trial court erred by not granting a continuance.  On April 21, 2014, the trial court granted Regalado's motion for continuance and ordered the case reset for a trial on the merits and for its consideration of any motions for summary judgment from April 25, 2014 to May 5, 2014.  *See id.* § 232.012(e)(1).  It was Regalado's request for a second continuance that the trial court denied.  *See id.*

## A.  Applicable Law and Standard of Review

The character of the proceedings before us is an election contest.  It is not an

---

of the election."  *Duncan-Hubert v. Mitchell*, 310 S.W.3d 92, 97–98 (Tex. App.—Dallas 2010, pet. denied); *see Gonzalez v. Villarreal*, 251 S.W.3d 763, 773, 777–78 (Tex. App.—Corpus Christi 2008, pet. dism'd w.o.j.); *see also Vazaldua v. Muñoz*, No. 13-14-00275-CV, *Vazaldua v. Munoz*, No. 13-14-00275-CV, 2014 WL 2937014, at *6 (Tex. App.—Corpus Christi June 20, 2014, no pet.) (mem. op.).  An election's outcome may be materially affected when a different and correct result would have been reached in the absence of irregularities or if irregularities in the conduct of the election render it impossible to determine the majority of the voters' true will.  *Duncan-Hubert*, 310 S.W.2d at 98; *see Gonzalez*, 251 S.W.3d at 778; *see also Vazaldua*, No. 13-14-00275-CV, 2014 WL 2937014, at *6.

[4] In support of his traditional motion, Munoz relied on the deposition testimony of Regalado and of Yvonne Ramon, the Hidalgo County Elections Administrator.

5

ordinary case in law or in equity.   *See Wooley v. Sterrett*, 387 S.W.2d 734, 737 (Tex. Civ. App.—Dallas 1965, no writ); *see also Vazaldua v. Muñoz*, No. 13-14-00275-CV, 2014 WL 2937014, at *3 (Tex. App.—Corpus Christi June 20, 2014, no pet.) (mem. op.).   And "elections are politically time sensitive, and legislative remedies for contested elections are to be strictly followed."   *Rodriguez v. Cuellar*, 143 S.W.3d 251, 260 (Tex. App.—San Antonio 2004, pet. dism'd) (en banc); *see Wooley*, 387 S.W.2d at 737–38, 742.   In other words, "[t]he very nature of the proceedings is such that courts are called upon to speedily and expeditiously dispose of the subject matter without regard to some of the usual rules applicable in the ordinary civil action."   *Wooley*, 387 S.W.2d at 737–38 (citations omitted).

The election code sets out accelerated procedures for election contests.   *See, e.g.,* TEX. ELEC. CODE ANN. §§ 232.012, 232.014.   Specific to continuances, the election code provides that "[t]he district judge may not[5] grant a continuance in the trial [of the contest] except:   (1) one time for a period not exceeding 10 days for good cause supported by the affidavit of a party; or (2) with the consent of the parties."   *Id.* § 232.012(e).   The only instance where this restriction does not apply is a request for a continuance for the purpose of bringing in a substitute contestee following the death of a contestee.   *Id.* § 232.012(g).

The trial court's ruling on most motions for continuance is within its discretion. *State v. Wood Oil Distrib., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(b) (West,

---

[5] "May not" imposes a prohibition and is synonymous with "shall not."   TEX. GOV'T CODE ANN. § 311.016(5) (West, Westlaw through 2013 3d C.S.).

6

Westlaw through 2013 3d C.S.) (setting out when the trial court must grant a properly requested motion for a legislative continuance); TEX. ELEC. CODE ANN. § 232.012(e) (providing that the trial court may grant only one continuance for good cause or may grant a continuance with the consent of the parties). A trial court abuses its discretion if it acts in an arbitrary and unreasonable manner or without reference to guiding rules or principles. *McAleer v. McAleer*, 394 S.W.3d 613, 617 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see State v. Crank*, 666 S.W.2d 91, 93 (Tex. 1984) (op. on reh'g). "The appellate court may not substitute its judgment for that of the trial court in matters committed to the trial court's discretion." *McAleer*, 394 S.W.3d at 617.

## B. Discussion

By her first issue, Regalado asserts that the trial court should have granted her second motion for continuance because "the trial had already been agreed to on a schedule outside the parameters of the statute." We are not persuaded by this argument. It is undisputed that the parties agreed to a trial schedule that did not comply with section 232.012 and that the trial court retained jurisdiction when it set the trial schedule pursuant to the parties' agreement. *See* TEX. ELEC. CODE ANN. § 232.012(d); *Honts v. Shaw*, 975 S.W.2d 816, 820 (Tex. App.—Austin 1998, no pet.) (concluding that failure to comply with the schedule for a trial found in section 232.012 was not jurisdictional); *see also Vazaldua*, No. 13-14-00275-CV, 2014 WL 2937014, at *4. Yet the record shows that the parties did not agree to a second continuance. Instead, Munoz objected to Regalado's second motion for continuance. Unlike the agreed trial schedule, there was no agreement to a second continuance outside the parameters of the statute;

7

therefore, there was no consent, such that the consent exception found in section 232.012(e)(2) would apply. *See id.* § 232.012(e)(2). And we cannot conclude, without more, that an agreement to a non-compliant trial date translates into a broader reading of the statute such that other restrictions, including the one-continuance restriction, do not apply.

Regalado also argues that we should look to the purpose of the statute and not to the statute's plain reading to ensure that the purpose is served. Regalado describes the purpose summarily as a "prompt trial schedule." But we cannot conclude that the trial court abused its discretion in denying relief on this basis. Instead, we conclude that the trial court's ruling served the purpose of the statute, which is "to speedily and expeditiously dispose of the subject matter without regard to some of the usual rules applicable in the ordinary civil action." *See Wooley*, 387 S.W.2d at 737–38; *see also* TEX. R. CIV. P. 251, 252 (discussing the applicability of continuances in a civil proceeding); *Vazaldua*, No. 13-14-00275-CV, slip op. at 9.

Finally, without citing authority, Regalado argues that the trial court "should have waited until the Hidalgo County Grand Jury finished its investigation in order to harmonize the outcomes between the Grand Jury investigation and the election contest." *See Vazaldua*, No. 13-14-00275-CV, 2014 WL 2937014, at *5. In support of this argument, Regalado advises this Court that: (1) the Grand Jury has hired an expert to review the electronic voting machines; (2) the District Court overseeing the investigation and audit has issued an order releasing certain critical records to the expert doing the audit; and (3) "[b]y including an end date by which the material must be returned, [Regalado] believ[ed]

8

that a final evaluation and report is imminent." However, this information does not appear in the appellate record. And we cannot conclude that the trial court abused its discretion in denying the continuance on this basis.

We conclude that when the trial court denied Regalado's second motion for continuance, it acted with reference to section 232.012(e)(1) of the election code. *See* TEX. ELEC. CODE ANN. § 232.012(e)(1); *see also Vazaldua*, No. 13-14-00275-CV, slip op. at 10. In that regard, it did not act in an arbitrary and unreasonable manner or without reference to guiding rules or principles such that it abused its discretion. *See McAleer*, 394 S.W.3d at 617; *see also Vazaldua*, No. 13-14-00275-CV, 2014 WL 2937014, at *5. We overrule Regalado's first issue.[6]

### III. NO-EVIDENCE SUMMARY JUDGMENT

By her second issue, Regalado contends that the trial court erred in granting Munoz's no-evidence motion for summary judgment.[7] Regalado argues that she

---

[6] Regalado also argues, in sum, that "[g]iven the diligence by [Regalado] to obtain the data [through intervention into the impoundment proceeding], the relatively short time period of discovery, and the obvious materiality of the evidence, it was clearly within the discretion and the interest of the trial court to grant a motion to continue." *See D.R. Horton-Tex. Ltd. v. Savannah Props. Assoc., L.P.*, 416 S.W.3d 217, 223 (Tex. App.—Fort Worth 2013, no pet.) (setting out factors that courts review to determine whether to grant or deny a motion for continuance); *McInnis v. Mallia*, 261 S.W.3d 197, 200 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (identifying factors to examine when determining whether the non-movant in a summary judgment proceeding had adequate time for discovery). Regalado also relies on *Castillo v. Mizpah Residential Care* in support of her inadequate-time-for-discovery argument. No. 13-12-00719-CV; 2014 WL 2159255, at *9–10 (Tex. App.—Corpus Christi May 22, 2014, no pet. h.) (mem. op.). However, *Castillo*, a traditional and a no-evidence summary judgment case, is distinguishable from the facts of this case because it is not an election contest, *see id.* at *1, and we have already concluded that the trial court did not abuse its discretion on the basis that section 232.012(e)(1) provides for only one continuance, absent consent, in a primary election contest. *See* TEX. ELEC. CODE ANN. § 232.012(e). Thus, we need not reach Regalado's "factor" arguments, as they are not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

[7] Regalado does not challenge the trial court's order granting Munoz's traditional motion for summary judgment. And having concluded below that the trial court did not err in granting a no-evidence summary judgment, we need not address whether Munoz satisfied the traditional summary judgment burden under rule 166a(c). *See* TEX. R. APP. P. 47.1; *see also* TEX. R. CIV. P. 166a(c); *E. Hill Marine, Inc.*

"provided [Munoz] with information [in discovery] that went beyond a mere scintilla or surmise . . . to prove up [her] allegations." However, it is undisputed that Regalado filed no response to Muñoz's motion for no-evidence summary judgment.

If the movant files a proper no-evidence motion for summary judgment and the non-movant fails to file a response and to produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged element or elements, the trial court must grant the motion. TEX. R. CIV. P. 166a(i) & cmt.; *Lucio v. John G. and Marie Stella Kenedy Mem'l Found.*, 298 S.W.3d 663, 672 (Tex. App.—Corpus Christi 2009, pet. denied). Based on this record, we conclude that the trial court did not err in granting a summary judgment in favor of Munoz because Munoz filed a proper no-evidence motion, identifying essential elements for which Regalado had provided no evidence, and Regalado filed no response. *See* TEX. R. CIV. P. 166a(i) & cmt.; *Lucio*, 298 S.W.3d at 672. We overrule Regalado's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court. No motion for rehearing will be entertained. *See* TEX. ELEC. CODE ANN. § 232.014(e).


NELDA V. RODRIGUEZ
Justice

Delivered and filed the
17th day of July, 2014.

---

*v. Pinker Boat Co.*, 229 S.W.3d 813, 816 (Tex. App.—Fort Worth 2007, pet. denied) (explaining that if the movant has filed a proper no-evidence motion for summary judgment and the non-movant has failed to produce more than a scintilla of evidence under the standards of rule 166a(i), there is no need to analyze whether the movant's summary judgment proof satisfied the burden set forth for traditional summary judgment under rule 166a(c)).