

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00020-CV

---

JOSEPH LOPEZ, JR., D/B/A AA BAIL OUT BAIL BONDS, APPELLANT

V.

GUADALUPE COUNTY BAIL BOND BOARD, APPELLEE

---

On Appeal from the 25th District Court
Guadalupe County, Texas
Trial Court No. 18-0752-CV-B, Honorable Todd A. Blomerth, Presiding

---

July 15, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pending before the Court is an appeal from a final summary judgment. The latter purported to dispose of an appeal by Joseph Lopez Jr., d/b/a AA Bail Out Bail Bonds from a decision of the Guadalupe County Bail Bond Board (Board) denying him a license. He attempted to perfect the appeal by filing an original petition with the Clerk of the 25th Judicial District. The Board answered the petition and moved for summary judgment. Said motion was granted, and the trial court "dismissed" the suit after denying Lopez recovery. That led him to initiate the current appeal. While preparing the matter for

disposition, we directed the litigants to address whether the trial court had subject-matter jurisdiction to entertain Lopez's attempt to review the Board's decision. They responded. Because the trial court lacked subject-matter jurisdiction over the attempted appeal from the Board, we vacate the summary judgment and enter the order which the trial court should have entered. TEX. R. APP. P. 43.3.

Whether a court has subject-matter jurisdiction is a question of law, reviewed de novo. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). The court does not consider the merits of the case; instead, it decides if it has the power to reach the merits of those claims. *City of Shavano Park v. Ard Mor, Inc.*, No. 04-14-00781-CV, 2015 Tex. App. LEXIS 11029, at *10 (Tex. App.—San Antonio Oct. 28, 2015, no pet.) (mem. op. on reh'g). Moreover, the existence of subject-matter jurisdiction is elemental and never presumed or susceptible to waiver. *See Am. K-9 Detection Servs., LLC v. Freeman*, 556 S.W.3d 246, 260 (Tex. 2018). Without it, any judgment of the court is void, *In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 309 (Tex. 2010) (orig. proceeding), given that its only course of action is to dismiss the proceeding for want of jurisdiction. If a trial court lacks subject-matter jurisdiction, it has no choice but to dismiss the suit. *Gonzales v. State*, No. 07-07-0078-CR, 2007 Tex. App. LEXIS 2734, at *2 (Tex. App.—Amarillo July 9, 2007, no pet.) (mem. op., not designated for publication).

The Texas Legislature deigned to regulate the bail bond business in Texas and enacted a comprehensive set of statutes touching upon the subject. They appear in Chapter 1704 of the Texas Occupations Code. One such statute addresses the obligation of the county bail bond board to conduct hearings on applications presented it. *See* TEX. OCC. CODE ANN. § 1704.158(a) (West 2012) (stating that "[a]fter making the

determinations required by Section 1704.157, a board shall conduct a hearing on the application"). Another provides that "[a]fter the hearing under Section 1704.158, the board shall enter **an order** conditionally approving the application unless the board determines that a ground exists to deny the application." *Id.* § 1704.159(a) (West 2012) (emphasis added). A third and fourth state that "[I]f the board determines that a ground exists to deny the application, the board shall enter **an order** denying the application," *id.* (emphasis added), and the board's "**order** denying an application . . . becomes final on the 31st day after the date the applicant . . . receives notice of the **order** unless the applicant . . . files an appeal under Section 1704.255." *Id.* § 1704.257(a) (West 2012) (emphasis added). Concerning a desire to review the decision, statute also provides that "[a]n applicant . . . may appeal **an order** of a board denying an application for a license . . . by filing a petition in a district court in the county." *Id.* § 1704.255(a) (West 2012) (emphasis added). Common throughout the foregoing provisions is the word "order." That is, the legislature contemplated and demanded the issuance of an "order" by the board reflecting its decision on an application, and appeal be taken from that "order." *See Nueces Cty. Bail Bond Bd. v. Alkek,* No. 13-04-00395-CV, 2006 Tex. App. LEXIS 5834, at *4 (Tex. App.—Corpus Christi July 6, 2006, no pet.) (mem. op.) (stating that where the legislature creates a right to appeal from an administrative decision, the statutory provisions are mandatory and must be complied with for the action to be maintained).

What the legislature did not do was define the term "order." Nevertheless, it did tell us that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." Tex. Gov't Code Ann. § 311.011(b) (West 2013). And, no one can reasonably question that the word

3

"order" has taken on a technical or particular meaning over the years in our jurisprudence. It generally denotes a separate writing wherein the decision is manifested, signed by the issuing authority, and entered of record. *State Farm Ins. Co. v. Pults*, 850 S.W.2d 691, 692–93 (Tex. App.—Corpus Christi 1993, no writ) (stating that an "order must be reduced to writing, signed by the trial court, and entered in the record"); *Order*, BLACK'S LAW DICTIONARY (9th ed. 2009) ( defining "order" as a written direction or command delivered by a court or judge generally embracing final decrees and interlocutory directions). Simply noting the decision in something akin to the court's written docket does not suffice. *See Pults,* 850 S.W.2d at 693.

Here, there is no "order" or separate written document signed by the chairman or any other representative of the Guadalupe Bail Bond Board declaring that the Board denies Lopez's application for a license. Each party concedes as much. The circumstances before us are akin to the effect of having no final judgment or order from a justice court but yet attempting to appeal that court's decision to a county court at law. Indeed, it would be appropriate to view the two situations as analogous since the legislature revealed its intent to treat the appeals similarly through another provision of the Occupation Code; per section 1704.255, we were informed that "[j]udicial review of an appeal filed under Section 1704.255 is by trial de novo in the same manner as an appeal from a justice court to a county court." TEX. OCC. CODE ANN. § 1704.256 (West 2012). Had this case been an appeal from a justice court to a county court at law, the latter would not have had jurisdiction to try the dispute de novo given the absence of a final, appealable "order." *Fuller v. Harrell,* No. 07-05-0322-CV, 2006 Tex. App. LEXIS

4

4263, at *2 (Tex. App.—Amarillo May 17, 2006, no pet.) (mem. op.).  And lacking such jurisdiction, its only choice would have been to dismiss the appeal.

Rather than this Court dismissing the cause, the Board would have us remand the cause to the Board and have it address the issue of the missing order.  Yet, the authority cited to us purporting to allow that procedure is inapposite.  It involves remanding the appeal to the trial court for entry of an appealable order or judgment; it says nothing of bypassing the trial court and remanding to an administrative entity for it to determine whether it entered an order upon which the trial court's jurisdiction was dependent.  *Tex. Political Subdivision v. Pharr San Juan Alamo Indep. Sch. Dist.*, No. 13-13-00691-CV, 2015 Tex. App. LEXIS 7014, at *7 (Tex. App.—Corpus Christi July 9, 2015, no pet.) (mem. op.) (stating "Texas Rule of Appellate Procedure 27.2 and *Lehmann* authorize appellate courts to abate the appeal and remand the case to the trial court for modification of the order or clarification of the trial court's intent to enter a final judgment.  However, this procedure is available only if we are uncertain whether the trial court intended to enter a final judgment."); *Evanston Ins. Co. v. D & L Masonry of Lubbock, Inc.*, No. 07-10-00253-CV, 2010 Tex. App. LEXIS 6593, at *4 n.1 (Tex. App.—Amarillo Aug. 12, 2010, no pet.) (mem. op.) (stating that "[w]e are aware that Texas Rule of Appellate Procedure 27.2 and *Lehmann* authorize appellate courts to abate the appeal and remand the case to the trial court for modification of the order or clarification of the trial court's intent to enter a final judgment.  However, such procedure is available only when the appellate court is 'uncertain' whether the trial court intended to enter a final judgment.").  Consequently, we vacate the trial court's final summary judgment, and render judgment dismissing for want

of jurisdiction Lopez's suit filed in the trial court.  The purported appeal pending before this Court is likewise dismissed for want of jurisdiction.

Per Curiam