Maureen **ESPECHE, Individually and as Next Friend of Jonathan Espeche, Appellant,**

v.

**William A. RITZELL, Appellee.**

No. 14–00–00153–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 21, 2001.

Tonya Lorraine Sullivan, Frank Thompson, Joseph John Hroch, Houston, for appellants.

Gary W. Chaney, Jeffrey Robert Matthews, Toby C. Easley, Houston, for appellants.

Panel consists of Justices ANDERSON, HUDSON, and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

Maureen Espeche (Espeche) and William Ritzell (Ritzell) were divorced on June 19, 1984. Espeche appeals from an adverse summary judgment on her breach of contract claim brought against Ritzell in 1998. In three points of error, Espeche contends the trial court erred in (1) ren-

dering final summary judgment in favor of Ritzell, based upon his sole affirmative defense of res judicata; (2) granting summary judgment because the judgment failed to address all of Espeche's claims; and (3) granting summary judgment because disputed fact issues should have been submitted to the jury. We dismiss this appeal.

## FACTUAL BACKGROUND

In 1983, Espeche filed for divorce, and during that time Espeche and Ritzell entered into a written agreement for the division of their estates. This agreement was dated March 12, 1984 (March 12, 1984 Agreement). The couple, however, briefly reconciled and the divorce proceeding terminated.

The March 12, 1984 Agreement reads as follows:

> This is a private agreement between William A. Ritzell and Maureen A. Ritzell for property division.
>
> I, William A. Ritzell agree to provide for Maureen A. Ritzell and her son Jonathan after our pending divorce as detailed below. Providing she does not make claim on my ARCO retirement fund and stocks and share *at the time of our divorce.* But I understand that under Texas law, she is entitled to half of all of these funds therefore I have asked her to postpone her claim until I officially retire from ARCO.
>
> I, William A. Ritzell agree to the following:
>
> 1. The sum of 2,400 dollars, U.S. each month in support for Maureen and Jonathan until such time as Jonathan graduates from high school.
> 2. Retain medical and dental insurance (presently provided by AETNA) until Jonathan reaches age 18, for both Maureen and Jonathan.
> 3. Promise to provide 50 percent of each yearly income tax refund and to turn that 50 percent over to Maureen within 10 days of receipt. Due to the fact that I am and will continue to claim them both as my legal dependants.
> 4. At the time of my retirement, it is promised to Maureen A. Ritzell, one half 50 percent of all retirement benefits including stocks, shares and bonuses. This agreement is made because Maureen has agreed not to seek retirement, stocks and shares until I retire.

Just below paragraph 4, the agreement contains what appear to be the signatures of Ritzell and Espeche above their typed names.

In April, 1984, Espeche again filed for divorce. On June 19, 1984, Espeche appeared before the trial court and was granted a divorce. The June 19, 1984 divorce decree provides, in part:

> The Court finds that no real property was accumulated during the marriage and that there has been an equitable and fair division of personal property, with due consideration being given to all insurance, pensions, retirement and other job-related benefits.
>
> IT IS ORDERED, ADJUDGED AND DECREED that the property of the parties be and is hereby awarded to the party having possession of such property, and all insurance, pensions, retirement and other job related benefits are hereby awarded to the respective party earning same.

The June 19, 1984, divorce decree does not incorporate or reference the March 12, 1984 Agreement. In fact, the divorce decree contains a division of property that is contrary to the provisions of the March 12,

1984 Agreement. Espeche never appealed the divorce.

On July 19, 1998, Espeche filed suit against Ritzell for breach of the March 12, 1984 Agreement. Espeche alleged Ritzell never fully performed under the contract and subsequently breached it entirely in 1994. Specifically, she claimed Ritzell ceased paying her $2,400 per month after July 1994 (pursuant to the agreement); Ritzell deleted, during July 1994, Maureen and Jonathan from coverage under his medical insurance; and Ritzell claimed her son, J.E.[1] on his federal income tax returns from 1983 to 1994, but Ritzell did not pay her one-half his tax refund every year. Espeche also alleged Ritzell fraudulently misrepresented and omitted material facts which she relied on in entering the March 12, 1984 Agreement. On October 11, 1999, Ritzell responded, stating he did not execute the March 12, 1984 Agreement, Espeche's claims were barred by res judicata, limitations, accord and satisfaction, estoppel, lack of capacity, defect of parties,[2] failure to notify and prove loss, and the alleged agreement was ambiguous and unenforceable. Ritzell admitted to having paid Espeche $2,400 per month, as set out in the alleged agreement, for approximately ten years.

On October 11, 1999, Ritzell filed his motion for summary judgment, asserting the grounds of res judicata and the signature on the March 12, 1984 Agreement was not his.

On October 29, 1999, Espeche filed her second amended original petition[3] to add a request for a bill of review, and to add her son J.E., as a third party beneficiary of the March 12, 1984 Agreement. On that same day Espeche filed her response to Ritzell's motion for summary judgment. On November 1, 1999, Espeche filed her first amended original petition[4] which retained her claims for fraud, breach of contract, for J.E. as a third party beneficiary, but abandoned the bill of review. Espeche's November 1st amendment to her original petition was filed three days before the summary judgment hearing which Ritzell had scheduled for November 4, 1999.

On November 1, 1999, Ritzell filed a motion for leave to amend to move for summary judgment against Jonathan Espeche. Ritzell also attacked Espeche's request for a bill of review, apparently because he had not been served at that time with Espeche's second amended original petition abandoning that claim.[5] Without signing any further orders, the trial court granted summary judgment against Espeche on November 4, 1999. Espeche brings this appeal.

### Jurisdiction

When a question of an appellate court's jurisdiction to hear an appeal arises, the court must address that issue

---

1. J.E., also known as Jonathan Espeche, is not a child of the marriage. While Espeche and Ritzell were legally married, Espeche became pregnant with J.E. outside the marriage.

2. Ritzell's First Amended Answer states the following about the defect of parties: "Plaintiff asserts claims which can only be asserted by Jonathan Espeche [J.E.], who is not a party to this suit. Therefore all necessary parties have not been joined."

3. Although labeled "Second Amended Original Petition," it was Espeche's first amended original petition.

4. Although labeled "First Amended Original Petition," it was Espeche's second amended original petition.

5. Thus, Ritzell's amended summary judgment motion was not addressing Espeche's second amended original petition, her live pleading at the time of the summary judgment hearing.

before reaching the merits of appellant's points of error. Appellate courts must determine, even sua sponte, the question of jurisdiction, and the lack of jurisdiction may not be ignored simply because the parties do not raise the issue. *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265, 266 (1957). When an appellate court concludes it does not have jurisdiction, it can only dismiss the appeal. *Bethurum v. Holland*, 771 S.W.2d 719, 722 (Tex.App.—Amarillo 1989, no writ).

### A. Espeche's Second Amended Original Petition

■ Pleading amendments sought within seven days of the time of trial are to be granted unless there has been a showing of surprise to the opposite party. *Goswami v. Metro. Sav. and Loan Ass'n*, 751 S.W.2d 487, 490 (Tex.1988); Tex.R. Civ. P. 63. A liberal interpretation has been given to Rule 63. A summary judgment proceeding is a trial within the meaning of Rule 63. *Id.* Here, the record neither reflects whether leave of court was requested or granted, nor gives any indication the trial court refused leave to file. Moreover, the record does not contain a motion to strike the amended petition.

■ Espeche's second amended original petition is part of the record that was before the trial court at the time summary judgment was entered. A reviewing court must presume the trial court granted leave to file a late pleading even though the filer failed to request leave when (1) the record fails to show the trial court did not consider the amended pleading, and (2) there is not a sufficient showing of surprise or prejudice on the part of the opposing par-

ty. *Wilson v. Korthauer*, 21 S.W.3d 573, 578 (Tex.App.—Houston [14th Dist.] 2000, pet. denied) (describing these elements as the two prongs of the *Goswami* presumption). Here, Espeche's petition was part of the record before the trial court, and even though the order granting summary judgment does not specify the trial court considered all pleadings on file, it contains language affirmatively showing Espeche's second amended petition was specifically considered.[6] Moreover, Ritzell has not shown surprise or prejudice. Because the record before this court satisfies the two prongs of the *Goswami* presumption, leave of court for Espeche to file her amended petition is presumed.

### B. Ritzell's Amended Motion For Summary Judgment

■ Ritzell's amended motion for summary judgment was filed on November 1, three days before the hearing. Texas Rule of Civil Procedure 166a(c) provides that, absent leave of court, a summary judgment shall be filed and served twenty-one days before the time specified for the hearing. Tex.R. Civ. P. 166a(c). Ritzell's amended motion for summary judgment contained a request for leave to amend, pursuant to Rule 166a(c). However, there are no orders, signed by the trial court, in the record before this court showing the trial court granted leave to Ritzell to amend his summary judgment motion. There is a notation in the docket sheet stating "Leave granted to [Defendant] to amend MSJ to include Jonathan Espeche." This notation, however, is of no moment.

■ A docket sheet entry cannot stand as an order. *Utilities Pipeline Co.*

---

6. The November 4, 1999 Final Summary Judgment decrees that "Maureen Espeche, individually and as Next Friend of Jonathan Espeche, a minor, take nothing by reason of her suit . . . ." Because Espeche's live pleading at the time judgment was signed, November 5, contained a claim on behalf of Jonathan, the record demonstrates the trial court considered Espeche's second amended original petition.

*v. American Petrofina Mktg.,* 760 S.W.2d 719, 723 (Tex.App.—Dallas 1988, no writ). A court may only act by written orders duly recorded in its minutes. *In re Fuentes,* 960 S.W.2d 261, 264 (Tex.App.—Corpus Christi '1997, original proceeding). The order must be reduced to writing, signed by the trial judge, and entered in the record. *Id.* Neither entries made in a judge's docket sheet nor affidavits are acceptable as substitutes for that record. *Id.* Docket sheet entries are not part of the record because they are inherently unreliable, lacking the formality of orders and judgments. *Id.* Rather, a docket sheet entry is a memorandum made for the convenience of the trial court and clerk. *Energo Int'l Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex.App.—Dallas 1986, no writ). Because only the docket sheet entry of leave for Ritzell to amend his motion for summary judgment exists, and there is no formal order signed by the trial judge granting that relief, Ritzell's amended motion was untimely and could not have been properly considered by the trial court.[7]

### C. Interlocutory Summary Judgment

An order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex.2001). An order that does not dispose of all issues and parties is interlocutory and not appealable absent a severance. *Mafrige v. Ross,* 866 S.W.2d 590, 591 (Tex.1993), *overruled*

on other grounds, *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 204 (Tex.2001). Simply labeling the order "Final Judgment" is not enough; there must be some clear indication the trial court intended to completely dispose of the entire case. *Lehmann,* 39 S.W.3d at 205. Furthermore, the inclusion of a Mother Hubbard clause is no longer determinative of finality. *Id.* at 203–04. An appellate court may review the record to determine whether an order disposes of all claims and parties. *Id.* at 205–06.

Here, the order appealed from is entitled "Final Summary Judgment" and it includes a Mother Hubbard clause. The order grants summary judgment for Ritzell, and orders that Espeche, individually and as next friend of Jonathan Espeche, a minor, take nothing by reason of her suit. As set forth above, the only grounds for summary judgment addressing Espeche's claim on behalf of Jonathan were submitted by Ritzell in his amended motion for summary judgment filed on November 1. However, we have held that amended motion was not, due to the absence of an order granting leave to file the untimely motion, properly before the trial court. Thus, no grounds were before the trial court on which it could grant summary judgment on Espeche's claim on behalf of her son. A summary judgment may not be granted on a ground not presented in a motion for summary judgment. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339 (Tex.1993). Further, a summary judgment cannot be affirmed on grounds not expressly set out in the motion or response. *Stiles v. Resolution*

---

**7.** In addition, there is a practical reason why Ritzell's amended motion was not properly before the court. Had the trial court actually granted Ritzell leave to file the amended motion so close to the date of the hearing, Espeche would have been entitled, pursuant to Rule 166a(c), to a period of time in which to

file a response to the new ground presented in the amended motion. *See, e.g., Sams v. N.L. Indus. Inc.,* 735 S.W.2d 486, 488 (Tex.App.—Houston [1st Dist.] 1987, no writ) (holding non-movant was entitled to the mandatory 21 day notice period when movant adds additional grounds for summary judgment).

*Trust Corp.,* 867 S.W.2d 24, 26 (Tex.1993). Because Ritzell's amended motion for summary judgment addressing Jonathan Espeche's claim was not properly before the trial court, summary judgment could not be granted on that claim. Thus, the final summary judgment does not dispose of all claims. We sustain Espeche's second issue; therefore we need not address her remaining issues.

Because the order appealed from is not a final, appealable judgment, and there is no severance in the record, we must dismiss the appeal for lack of jurisdiction. TEX.R.APP. P. 43.2(f).