Motion for Rehearing Overruled









 

Motion for Rehearing Overruled.  Opinion of July 17, 2003, Withdrawn.  Affirmed in part, Reversed and Remanded in
part, and Majority and Concurring Opinions filed November 25, 2003.

 

    

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00153-CV

____________

 

MAUREEN ESPECHE, INDIVIDUALLY AND AS
NEXT FRIEND OF JONATHAN ESPECHE,
Appellant

 

V.

 

WILLIAM A. RITZELL, Appellee

 



 

On
Appeal from the 246th District Court

Harris County, Texas

Trial
Court Cause No. 98-34761

 



 

M A J O R I T Y  O P I
N I O N  O N  R E M A N D 
O N  R E H E A R I N G

Appellee=s motion for rehearing is
overruled.  We withdraw the majority
opinion issued July 17, 2003, and substitute this opinion in its place.








In 1998, appellant Maureen Espeche,
individually and as next friend of her son Jonathan, sued appellee
William Ritzell for breach of contract and fraud, and
sought a bill of review based on an agreement Espeche
and Ritzell allegedly executed around the time of
their 1984 divorce.  The trial court
rendered a take-nothing summary judgment against Espeche,
and she appealed, raising the following three issues: (1) whether the trial
court erred when it granted Ritzell=s motion for summary judgment, which
was based solely on his affirmative defense of res judicata, (2) whether the trial court erred in granting
summary judgment because Ritzell=s motion did not address Espeche=s bill of review or Jonathan=s claims, and (3) whether the trial
court erred in granting summary judgment because there were disputed fact
issues that should have been submitted to the jury.

In our original opinion, we dismissed the appeal, concluding
the trial court did not render a final judgment because there were no summary
judgment grounds properly before the trial court on which it could have
rendered judgment on Jonathan=s claims.  Espeche v. Ritzell,
65 S.W.3d 226, 232 (Tex. App.CHouston [14th Dist.] 2001), rev=d, 87 S.W.3d 536 (Tex. 2002).[1]  The supreme court disagreed, concluding the
trial court=s order that Espeche
take nothing, individually and as Jonathan=s next friend, met the test of
finality set forth in Lehmann v. Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001).  See Ritzell v. Espeche, 87 S.W.3d 536, 538 (Tex. 2002).  The supreme court therefore reversed and
remanded to this court, and we now consider Espeche=s appeal on the merits.








We conclude the summary judgment motion before the trial
court did not address Espeche=s claim for a bill of review and we
reverse the trial court=s summary judgment to the extent it ordered Espeche take nothing on that claim.  We also conclude the doctrine of res judicata does not bar Espeche=s breach of contract claim for spousal support or Jonathan=s breach of contract claims, and we
reverse the trial court=s summary judgment to the extent it ordered Espeche take nothing on her breach of contract claim for
spousal support and to the extent it ordered Espeche
take nothing as next friend of Jonathan.[2]

FACTUAL AND PROCEDURAL BACKGROUND

According to Espeche, on March 12,
1984, she and Ritzell entered into a written
agreement for the division of their estates. 
That agreement provided:

This is a private agreement between William A. Ritzell and Maureen A. Ritzell
for property division.      

I, William A. Ritzell agree
to provide for Maureen A. Ritzell and her son
Jonathan after our pending divorce as detailed below.  Providing she does not make claim on my ARCO
retirement fund and stocks and share at the time of our divorce.  But I understand that under Texas law, she is
entitled to half of all of these funds therefore I have asked her to postpone
her claim until I officially retire from ARCO.

I, William A. Ritzell agree
to the following:

1.                 
The sum of 2,400
dollars, U.S. each month in support for Maureen and Jonathan untill [sic] such time as [J]onathan
graduates from high school.

1.                 
Retain medical
and dental insurance (presently provided by AETNA) until Jonathan reaches age
18, for both Maureen and Jonathan.

3.         Promise to provide 50 percent of each yearly income tax
refund and to turn that 50 percent over to Maureen within 10 days of
receipt.  Due to the fact that I am and
will continue to claim them both as my legal dependants.








4.         At the time
of my retirement, it is promised to Maureen A. Ritzell,
one half 50 percent of all retirement benefits including stocks, shares and
bonuses.  This agreement is made because
Maureen has agreed not to seek retirement, stocks and shares until I retire.                    

Just below paragraph 4, the agreement contains what appear to be the
signatures of Ritzell and Espeche
above their typed names.

The following month, Espeche filed
for divorce, representing she and Ritzell had
acquired no real property as part of the community estate and requesting the
court to divide the personal property by awarding the same to the party having
possession.  She did not allude to the
March 12 agreement or request it be incorporated into the divorce decree.  She subsequently testified she did not bring
the agreement to her attorney=s or the court=s attention because Ritzell asked her not to, saying he would lose his job if
she did so.

On June 19, 1984, the trial court granted the divorce.  The decree provided in part:

The Court finds that there is no child of the marriage
of the Petitioner and Respondent and none is expected.[3]

The Court finds that no real property was accumulated
during the marriage and that there has been an equitable and fair division of
personal property, with due consideration being given to all insurance,
pensions, retirement and other job related benefits.

IT IS ORDERED, ADJUDGED AND DECREED that the property
of the parties be and is hereby awarded to the party having possession of such
property, and all insurance, pensions, retirement and other job related
benefits are hereby awarded to the respective party earning same.

 

The June 19 divorce decree does not acknowledge, incorporate, refer to,
or approve the March 12 agreement.  Espeche did not appeal the divorce.








In July 1998, Espeche sued Ritzell for breach of the March 12, 1984 agreement.  Espeche alleged Ritzell never fully performed under the contract and
breached it entirely in 1994. 
Specifically, Espeche alleged (1) Ritzell ceased paying her $2,400 per month after July 1994;
(2) during July 1994, Ritzell deleted Espeche and Jonathan from coverage under his medical and
dental insurance; and (3) Ritzell claimed Espeche and her son Jonathan as dependents on Ritzell=s federal income tax returns from 1983 to 1994, but Ritzell did not pay Espeche
one-half his tax refund every year.  Espeche also alleged Ritzell
fraudulently misrepresented and omitted material facts on which she relied when
she entered the March 12 agreement.

On October 11, 1999, Ritzell
answered, alleging (1) he did not execute the March 12, 1984 agreement, (2) Espeche=s claims were barred by res judicata, limitations, accord and satisfaction, estoppel, lack of capacity, defect of parties, failure to
notify and prove loss, and (3) the alleged agreement was ambiguous and unenforceable.  In his answer, Ritzell
incorporated Espeche=s allegation that Ritzell
paid Espeche A$2,400 a month through at least July,
1994.@ 
On the same date, Ritzell filed his motion for
summary judgment, asserting res judicata
and alleging the signature on the March 12 agreement was not his.

On October 27, 1999, Espeche served
her first amended original petition, adding her son Jonathan as a party to the
lawsuit.  On October 28, 1999, Espeche served her second amended original petition, which
added the bill of review.  Espeche=s second amendment to her original petition was filed six
days before the summary judgment hearing Ritzell had
scheduled for November 4, 1999.  








On October 29, 1999, Espeche filed
her response to Ritzell=s motion for summary judgment. On
November 1, 1999, in a single document, Ritzell filed
a reply to Espeche=s response to the motion for summary
judgment and a motion for leave to amend and move for summary judgment against
Jonathan Espeche. 
Ritzell also attacked Espeche=s request for a bill of review.  Without signing any further orders, the trial
court granted summary judgment against Espeche on
November 5, 1999.

DISCUSSION

Introduction

Ritzell moved for summary judgment arguing
the 1984 decree granting Espeche her divorce from Ritzell barred Espeche=s present suit on the ground of res judicata.  The trial court granted the motion ordering AEspeche, Individually and as Next Friend of
Jonathan Espeche, a minor, take nothing by reason of
her suit in this case.@  In issue one, Espeche argues that Ritzell did
not prove all the elements of res judicata;
in issue two, that the trial court erred in ruling on her bill of review and
Jonathan=s claims; and in issue three, that
there were disputed fact issues precluding summary judgment.  We begin with issue two because resolution of
that issue determines the scope of the remaining issues.

The Scope of the Motion for Summary Judgment

In her second issue, Espeche
contends the trial court erred in granting summary judgment because Ritzell=s motion failed to address Espeche=s bill of review and Jonathan=s claims.  After Ritzell filed
his motion for summary judgment, Espeche twice
amended her petition.  In her first
amended petition, she included Jonathan in the style of the petition.  In her second amended petition, she added her
claim for a bill of review.  A party may
not be granted judgment as a matter of law on a cause of action not addressed
in a summary judgment proceeding.  See
Chessher v. Southwestern Bell Tel. Co., 658
S.W.2d 563, 564 (Tex. 1983).  We
therefore consider whether Ritzell=s motion sufficiently addressed
Jonathan=s breach of contract claim and Espeche=s bill of review.








Espeche filed both amendments less than
seven days before the day the trial court heard the summary judgment
motion.  Espeche
was therefore required to obtain leave of court to file her amended pleadings,
and the court was required to grant leave unless there was a showing of
surprise to Ritzell. 
See Tex. R. Civ. P. 63;
see also Goswami v. Metro. Sav.
& Loan Ass=n,
751 S.W.2d 487, 490 (Tex. 1988).  For the
reasons set forth in our original opinion, we apply Goswami
and presume leave of court.  See Espeche, 65 S.W.3d at 230.

A plaintiff=s timely filed amended pleading supersedes all previous
pleadings and becomes the controlling petition in the case regarding theories
of recovery.  Tex. R. Civ. P. 65; J.M. Huber Corp. v. Santa Fe
Energy Res., Inc., 871 S.W.2d 842, 844 (Tex. App.CHouston [14th Dist.] 1994, writ
denied).  Ritzell,
therefore, was required to amend or supplement his motion for summary judgment
to address the additional claims.  See
Brandes v. Rice Trust, Inc., 966 S.W.2d 144, 148
(Tex. App.CHouston [14th Dist.] 1998, pet.
denied).

On November 1, three days before the summary judgment
hearing, Ritzell filed his Amotion for leave to amend and move
for summary judgment against Jonathan Espeche.@ 
Texas Rule of Civil Procedure 166a(c) provides that, absent leave of
court, a motion for summary judgment shall be filed and served twenty‑one
days before the time specified for the hearing. 
The record before this court, however, contains no orders signed by the
trial court showing the court granted Ritzell leave
to amend his summary judgment motion.  In
addition, there is no amended summary judgment motion in the record.  The only indication the trial court granted
leave to amend is a notation in the docket sheet stating, ALeave granted to [Defendant] to amend
MSJ to include Jonathan Espeche.@ 
The docket sheet entry may not stand as an order.  Util. Pipeline Co. v. Am. Petrofina Mktg.,
760 S.W.2d 719, 723 (Tex. App.CDallas 1988, no writ).[4]








The summary judgment motion that was properly before the
court did not address the bill of review added in Espeche=s second amended petition.  As discussed above, the second amended
petition was the live pleading at the time of the summary judgment proceeding.  Under Chessher,
as a matter of law, the trial court could not grant summary judgment on the
added claim.  See Chessher, 658 S.W.2d at 564.

At oral argument, however, Ritzell,
contended his summary judgment motion addressed Espeche=s subsequently added bill of
review.  If a motion for summary judgment
is sufficiently broad to encompass later-filed claims, the movant
need not amend his motion.  See Wilson
v. Korthauer, 21 S.W.3d 573, 579 (Tex. App.CHouston [14th Dist.] 2000, pet.
denied).  Nevertheless, when a plaintiff,
in her amended petition, asserts a new cause of action based on facts not
alleged in the original petition, a court cannot say the defendant=s motion for summary judgment
contemplated and embraced the additional claim in the amended petition.  DeWoody
v. Rippley, 951 S.W.2d 935, 942 (Tex. App.CFort Worth 1997, writ dism=d by agr.).

Here, Ritzell=s motion was not sufficiently broad
to encompass Espeche=s bill of review.  In her second amended petition, Espeche added the following allegation, not included in the
original petition:  ARitzell told [her] not to make her attorney
or the Court aware of the Agreement, because if there was any issue as to his
retirement, he would lose his job.@ 
She also alleged, ARitzell lied, and used his position of fear
and intimidation to trick [her] into not seeking her attorney=s or the Court=s advice.@ 
Ritzell=s motion for summary judgment was a
traditional motion for summary judgment. 
See Tex. R. Civ. P. 166a(c).  Ritzell asserted
and presented proof only on his affirmative defense of res
judicata.  Ritzell did not, either in his motion for summary judgment
or by his summary judgment proof, address the additional allegations in Espeche=s second amended petition.








Espeche further contends that Ritzell=s motion for summary judgment did not address Jonathan=s claims under the contract.  Espeche bases her
contention on the fact that Jonathan was not named in the suit until the first
amended petition was filed.  Although Jonathan was not named
in the style of the lawsuit until the first amended petition, his claims as a
third- party beneficiary to the contract were included in Espeche=s original petition.  The legal effect of a pleading is not
determined by its style, but by its allegations and evident purpose. See
Hawkins v. Anderson, 672 S.W.2d
293, 294 (Tex. App.CDallas 1984, no writ).  Because Jonathan=s claims under the contract
were included in the original petition, Ritzell=s contention in his motion for
summary judgment that res judicata
barred the breach of contract action is sufficient to address Jonathan=s claims.  See Farah v. Mafrige & Kormanik, P.C.,
927 S.W.2d 663, 672 (Tex. App.CHouston [1st Dist.] 1996, no writ).

The trial court erred in granting summary judgment on Espeche=s bill of review.  See
Chessher, 658 S.W.2d at 564.  Granting more relief than the movant is entitled to receive is reversible error.  Lehmann, 39
S.W.3d at 204.  We sustain Espeche=s issue two with regard to Espeche=s bill of review, but overrule issue
two with regard to Jonathan=s claims.

Res Judicata

 

In issue one, Espeche contends the
trial court erred in granting the motion for summary judgment because Ritzell failed to prove all the elements of res judicata as a matter of
law.  The purpose of summary judgment is
to eliminate patently unmeritorious claims or untenable defenses; it is not
intended to deprive litigants of their right to a full hearing on the merits of
any real issue of fact.  Gulbenkian v. Penn, 151 Tex. 412, 416, 252
S.W.2d 929, 931 (1952).  The movant for summary judgment has the burden to show there is
no genuine issue of material fact and it is entitled to judgment as a matter of
law.  Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548 (Tex. 1985).  When
deciding whether there is a disputed material fact issue precluding summary
judgment, the appellate court must take as true all evidence favorable to the
non‑movant. 
Id. at 548B49.  The reviewing
court must indulge every reasonable inference in favor of the non‑movant and resolve any doubts in its favor.  Id. at 549.








A defendant moving for traditional summary judgment assumes
the burden of showing as a matter of law the plaintiff has no cause of action
against the movant. 
Levesque v. Wilkens, 57 S.W.3d 499, 503
(Tex. App.CHouston [14th Dist.] 2001, no
pet.).  Traditional summary judgment for
a defendant is proper only when the defendant negates at least one element of
each of the plaintiff=s theories of recovery, or pleads and conclusively
establishes each element of an affirmative defense.  Science Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997).

In his summary judgment motion, Ritzell
asserted res judicata
barred Espeche=s and Jonathan=s breach of contract claims.  Res judicata precludes relitigation
of claims that have been finally adjudicated, or that arise out of the same
subject matter and could have been litigated in a prior action.  Amstadt
v. U.S. Brass Corp., 919 S.W.2d 644, 654 (Tex. 1996).  It requires proof of the following elements:
(1) a prior final judgment on the merits by a court of competent jurisdiction;
(2) identity of parties or those in privity with
them; and (3) a second action based on the same claims as were raised or could
have been raised in the first action.  Appleton
v. Appleton, 76 S.W.3d 78, 83-84 (Tex. App.CHouston [14th Dist.] 2002, no pet.).

Espeche=s Breach of Contract Claims

In the private agreement, Ritzell
agreed to (1) provide $2400 per month to both Espeche
and Jonathan; (2) retain medical and dental insurance for Espeche
and Jonathan; (3) pay fifty percent of his income tax refund to Espeche; and (4) pay fifty percent of his retirement
benefits to Espeche. 









With regard to the first obligation B to pay spousal and child support B Ritzell=s res judicata defense fails on the third element.  At the time of the divorce, Texas courts recognized
a significant distinction between court decreed support payments and support
provisions in property settlement agreements that are agreed to by the
parties.  See Francis v. Francis,
412 S.W.2d 29, 33 (Tex. 1967).  Under the
decision in Francis, support provisions of a property settlement
agreement have whatever legal force the law of contracts gives them.  Sorrels v. Sorrels, 592 S.W.2d 692,
697 (Tex. Civ. App.CAmarillo 1979, writ ref=d n.r.e.).  In the original divorce proceeding, the court
could not compel the parties to make an agreement concerning the payment of
support and maintenance for either party. 
See Francis, 412 S.W.2d at 32. 
Under these circumstances, Espeche=s claim to spousal support under the
contract was not and could not have been adjudicated in the divorce
proceeding.  Therefore, the doctrine of res judicata does not bar Espeche=s claim under the first paragraph of the contract for spousal
support.  See generally, Fullerton v.
Holliman, 730 S.W.2d 168, 170-71 (Tex. App.CEastland 1987, writ ref=d n.r.e.)
(when written agreement providing for child support is not set forth in the
decree, agreement remains enforceable only as contract).

Similarly, Espeche=s breach of contract cause of action
under the second and third provisions of the contract is not barred by the
doctrine of res judicata.  The second provision provides that Ritzell will retain medical and dental insurance for Espeche and Jonathan until Jonathan is eighteen years
old.  The third provision is a promise
from Ritzell to provide fifty percent of each yearly
income tax refund to Espeche because Ritzell planned to continue to claim Espeche
and Jonathan as dependants on his income tax return.  The Family Code defines spousal maintenance
as Aan award in a suit for dissolution of
a marriage of periodic payments from the future income of one spouse for the
support of the other spouse.@  Tex. Fam. Code ' 8.001(1).  Ritzell=s maintenance of Espeche=s medical and dental insurance and
his promise to pay half of his income tax refund to her fall within the
definition of spousal support.  Therefore, as with the first provision of the
contract, Espeche=s claims under the second and third
provisions of the contract could not have been adjudicated in the original
divorce proceeding. 








The same reasoning, however, does not apply to the provision
in the agreement relating to retirement benefits.  In the divorce decree, the trial court
purported to divide the entire community estate, and Espeche
does not argue the decree is ambiguous in that regard.  Res judicata, therefore, applies to assets, such as retirement
benefits, that were part of the community estate apportioned by the family
court.  See Appleton, 76
S.W.3d at 84 (stating rule that res judicata applies if, in final divorce decree, the court
purported to divide the entire community estate, the decree is unambiguous, and
neither party files a direct appeal); see also White v. White, 380
S.W.2d 672, 677B78 (Tex. Civ. App.CTyler 1964, writ ref=d n.r.e.)
(holding wife estopped from asserting breach of
agreement to maintain wife as primary beneficiary of death benefit when divorce
decree awarded annuity contract to husband). 

Jonathan=s Breach of Contract Claims

The question presented with regard to Jonathan=s claims is whether Jonathan can be
considered in privity with Espeche
in the 1984 divorce action.  Generally, a
person is not bound by a judgment in a suit to which he was not a party.  See Tex.
Civ. Prac. & Rem. Code ' 37.006(a).  The doctrine of res
judicata creates an exception to this rule by
forbidding a second suit arising out of the same subject matter of an earlier
suit by one in privity with the party to the original
suit.  Amstadt,
919 S.W.2d at 652-53.  One can be in privity in at least three ways: (1) he can control an
action even if he is not a party to it; (2) his interests can be represented by
a party to the action; or (3) he can be a successor in interest, deriving his
claims through a party to the prior action. 
Id. at 653.  Privity exists if the parties share an identity of
interests in the basic legal right that is the subject of the litigation.  Id. 
To determine whether a prior suit and one under review involve the same
basic subject matter, we focus on the factual basis of the complaint.  Id. 
Res judicata also
precludes a second action on claims that arise out of the same subject matter
and which might have been litigated in the first suit.  Id. at 653.  








Here, the basic legal right asserted by Espeche
in the 1984 divorce action was her right to an equitable division of the
marital property.  Because Jonathan was
not a child of the marriage, he could not have litigated his contractual claims
in the divorce suit.  See McGee v.
McGee, 936 S.W.2d 360, 364 (Tex. App.CWaco 1996, writ denied).  Jonathan was not a party to the divorce, nor
was he in privity with Espeche,
who was a party to the divorce and the agreement.  The basic subject matter of Jonathan=s breach of contract claims are
different from that of the divorce. 
Therefore, Jonathan=s claims under the contract are not precluded by res judicata.

We sustain issue one with regard to Espeche=s portion of the breach of contract
claim, which rests on the spousal support provisions of the March 12, 1984
separation agreement, and with regard to Jonathan=s breach of contract claim.  With regard to Espeche=s claim to the retirement benefits,
we overrule issue one.

Disputed Fact Issues

In issue three, Espeche argues the
trial court erred in granting summary judgment because there are disputed fact
issues that should have been submitted to a jury.  She presents her discussion in two parts: (1)
bill of review and (2) enforceability of the 1984 agreement.

Because we have determined 
the trial court erred in granting a take-nothing summary judgment on Espeche=s claim for bill of review, we need not address the first
part of Espeche=s argument.  Furthermore, in analyzing Espeche=s issue one, we examined the effect
of Ritzell=s res judicata defense on Espeche=s and Jonathan=s breach of contract claims and have
taken into account the cases cited in the second part of their argument in
issue three.  Because Espeche
presented no fact issue regarding the application of res
judicata to a claim for retirement benefits, we need
not revisit the second part of her argument.     

CONCLUSION








We affirm the judgment of the trial court to the extent it
ordered Espeche take nothing on her breach of
contract claim relating to Ritzell=s retirement benefits.  We reverse the judgment of the trial court to
the extent it ordered Espeche take nothing on her
breach of contract claim relating to spousal support and her bill of
review.  We also reverse the judgment of
the trial court ordering Espeche take nothing in
relation to Jonathan=s claims.  We remand
for further proceedings consistent with this opinion.[5]

 

 

 

 

/s/        Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered and Majority and Concurring Opinions
on Remand on Rehearing filed November 25, 2003.

Panel consists of
Justices Yates, Anderson, and Frost. (Anderson, J. concurring).

 

 











[1]  In our
original opinion, we indicated Espeche=s ASecond Amended Original Petition@ was actually her first amended original petition and
vice versa.  See Espeche
v. Ritzell, 65 S.W.3d 226, 229 nn. 3B4 (Tex. App.CHouston
[14th Dist.] 2001), rev=d, 87 S.W.3d 536 (2002). 
On re-examining the record, we conclude the confusion resulted from a
difference between service and filing dates. 
Espeche=s First
Amended Original Petition was  served
October 27, 1999, but not filed until November 1, 1999.  Espeche=s Second Amended Original Petition was served October
28, 1999, and filed October 29, 1999.  In
the trial court, and in this court, the parties treat Espeche=s amended petitions as if they had been filed in the
order in which they were served, and we will do the same.  Because Espeche=s First Amended Petition did not allege a bill of
review, we erroneously held that Espeche had
abandoned her bill of review.  Id.
at 229.  Because the live pleading at the
time the trial court entered its judgment was the Second Amended Petition, we
find that Espeche=s bill
of review was not abandoned.





[2]  On appeal, Espeche does not address res judicata in relation to her fraud claim.  See Brinkman v. Brinkman, 966 S.W.2d
780, 781B83 (Tex. App.CSan
Antonio 1998, pet. denied).  The trial
court=s take-nothing judgment on that claim is therefore not
before this court.  See Prudential
Ins. Co. of Am. v. J.R. Franclen, Inc., 710
S.W.2d 568, 569  (Tex. 1986) (stating
appellate court is not authorized to reverse trial court=s judgment absent properly assigned error). 





[3]  Jonathan Espeche is not a child of the marriage.





[4]  At oral
argument, Ritzell=s
counsel suggested Espeche may have waived objection
to a late-filed amended motion for summary judgment.  Given the status of the record, however, the
pivotal issue is not the  the untimeliness of the motion,
but whether an amended motion was before the court.  Our record reflects there was no amended
motion for summary judgment before the trial court because no leave was granted
to file it.  See Tex. R. Civ. P. 166a(c).





[5]  Espeche=s fraud claim is not before this court, and this court=s judgment does not affect the trial court=s summary judgment to the extent it ordered Espeche take nothing on her fraud claim.