**Affirmed and Memorandum Opinion filed June 6, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00306-CV

---

## HARVELLA JONES, Appellant

## V.

## VILLAGES OF TOWN CENTER OWNERS ASSOCIATION, INC., Appellee

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 11-DCV-192143**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Harvella Jones, appeals the trial court's summary judgment entered in favor of appellee, Villages of Town Center Owners Association, Inc. (the "Association"), on its affirmative defense of res judicata. We affirm.

### I. BACKGROUND

On July 11, 2003, Jones and her late husband purchased a home located at

1414 Stevens Court, Rosenberg, Texas. At the Association's annual meeting on July 16, 2002, prior to Jones and her husband's purchase of their home, the Association voted to annex Section 5, in which Jones's home was located, into the Villages of Town Center Subdivision. On December 11, 2002, the Association annexed Section 5.

In 2005, Jones filed suit against the Association, *Harvella Jones v. Villages of Town Center Owners Association, Inc.*, Cause No. 05-CV-140570, 240th District Court, Fort Bend County (the "2005 lawsuit"). Jones alleged that there was no quorum for the July 16, 2002 annual meeting and, therefore, "the annexation of new sections 5 and 6 into the Villages of Town Center Subdivision did not occur." On October 6, 2005, the court held a bench trial and, on November 10, 2005, signed the final judgment finding the following:

1. The Court finds that at the Association's July 16, 2002, meeting, quorum was met by combining options #1 & #2 on the proxy ballot.

2. The Court finds that at the Association's November 3, 2004, meeting, quorum was met.

3. The Court finds that Plaintiff, Harvella Jones, take nothing (except the $750.00 awarded to Plaintiff for her Motion for Partial Summary Judgment filed with this Court, Judgment signed June 2, 2005) by her claims against the Association and that Defendant recover from Plaintiff all costs of court incurred.

4. The Court denies all other relief not granted in this Judgment.

In 2006, Jones filed another lawsuit (the "2006 lawsuit"). The appellate record does not contain any copies of the documents filed in that lawsuit, including the pleadings, any orders, or a judgment. According to Jones's petition in the current case, Jones and thirty-five other homeowners in Sections 5 and 6 filed a lawsuit against the Association disputing the purportedly illegal annexation. Jones alleged that their attorney "was involved in criminal activity and neglected the

2

case," and the court in which the 2006 lawsuit was filed did not rule on the annexation issue. Jones and the other homeowners appealed the case to the First Court of Appeals. Attached to Jones's petition in the current lawsuit is the court of appeals' memorandum opinion dismissing the appeal on June 21, 2007, "for nonpayment of all required fees and failure to pay or make arrangements to pay the trial court clerk's fee for preparation of the clerk's record." *Jones v. Vills. of Town Ctr. Owners Ass'n, Inc.*, No. 01-06-01176-CV, 2007 WL 1775999 (Tex. App.—Houston [1st Dist.] June 21, 2007, no pet.) (mem. op.).

On August 9, 2011, Jones filed her original petition for declaratory judgment and request for disclosure against the Association. Jones alleged that the annexation was not legal because the Association did not have enough votes to pass the annexation at the July 16, 2002 annual meeting.

On September 2, 2011, the Association filed its original answer but did not plead any affirmative defenses. On January 17, 2012, the Association filed a traditional motion for summary judgment, which was based solely on the affirmative defense of res judicata, and a request for sanctions. The Association also filed a notice setting the summary judgment hearing for 10:30 a.m. on February 28, 2012.

On January 23, 2012, Jones filed her response to the Association's motion for summary judgment, in which she objected to the Association's motion for summary judgment because the Association had not pleaded res judicata in its original answer. At 9:11 a.m. on the day of the hearing—February 28, 2012—the Association filed its first amended answer raising the affirmative defenses of res judicata, statute of limitations, and estoppel. Jones objected at the hearing to the Association's first amended answer. The associate judge, who was conducting the hearing, granted the summary judgment at the conclusion of the hearing and also

signed the order granting the summary judgment and the order denying Jones's objections to the Association's first amended answer. On March 26, 2012, the district judge adopted and ratified the associate judge's ruling.

## II. ANALYSIS

### A. Late-Filed Amended Answer

In her first issue, Jones claims that the trial court committed reversible error by granting the Association's motion for summary judgment based on the affirmative defense of res judicata because the Association did not plead res judicata or request leave to file its first amended answer.

Rule 63 of the Texas Rules of Civil Procedure provides that amended pleadings may be filed within seven days of trial only with leave of court. TEX. R. CIV. P. 63. A summary judgment proceeding is a trial within the meaning of Rule 63. *Goswami v. Metro Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988). Texas appellate courts apply a liberal interpretation in determining whether a trial court granted leave to late-file an amended pleading. *Wilson v. Korthauer*, 21 S.W.3d 573, 577 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). On appeal, we will presume the trial court granted leave to file a late pleading even though the filer failed to request leave when (1) the record fails to show that the trial court did not consider the amended pleading; and (2) there is not a sufficient showing of surprise or prejudice on the part of the opposing party. *Goswami*, 751 S.W.2d at 490.

The first prong of the *Goswami* presumption is satisfied if the amended petition was part of the record before the trial court and the judgment states that the trial court considered all the pleadings on file. *Wilson*, 21 S.W.3d at 578. If both questions are answered in the affirmative, the first prong of the test is met. *Id.*

4

Here, the judgment does not state that the trial court considered all the pleadings on file. Instead, it states that the court considered the motion. In *Espeche v. Ritzell*, we held Espeche's second amended petition, which added her son as a third party beneficiary and was filed within seven days of the summary judgment hearing, was before the trial court even though the record did not show whether leave of the court was sought or granted. 65 S.W.3d 226, 330 (Tex. App.—Houston [14th Dist.] 2001), *rev'd on other grounds*, 87 S.W.3d 536 (Tex. 2002) (per curiam). We explained that even though the order granting summary judgment did not specify that the trial court had considered all the pleadings on file, it contained language affirmatively showing the court specifically considered Espeche's second amended petition because the judgment referred to Espeche's son. *Id.* at 230 & n.6.[1] On remand from the Texas Supreme Court, we again held: "For the reasons set forth in our original opinion, we apply *Goswami* and presume leave of court." *Espeche v. Ritzell*, 123 S.W.3d 657, 663 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g).

The only ground the Association advanced in its motion for summary judgment was res judicata, and at the summary judgment hearing, the Association argued the motion based on res judicata. Jones objected to the Association's first amended answer. The associate judge denied her objection in a written order on the day of the hearing. Furthermore, the associate judge stated at the summary judgment hearing:

> Well, having reviewed the file, it's the opinion of the Court to take
> judicial notice of the Court's file, to recognize everything that you

---

[1] The judgment in *Espeche* stated:

> Maureen Espeche, [I]ndividually and as Next Friend of Jonathan Espeche, a
> minor, take nothing by reason of her suit . . . .

65 S.W.3d at 230 n.6.

5

said on the record, and to grant the motion for summary judgment and sanctions, and forward this file to Judge Culver.

There is no indication in the record that the trial court did not consider the Association's late-filed first amended answer.[2] Therefore, we conclude that the Association's first amended answer was before the trial court when it ruled on the motion for summary judgment, and the first prong has been met.

The second prong of the test focuses on the surprise or prejudice to the party opposing the filing of the amended pleading, including whether that party moved to strike the late-filed pleading. *Wilson*, 21 S.W.3d at 578. Jones did not file a motion to strike the Association's first amended answer; instead, she objected in her written response and at the hearing on the motion for summary judgment.

The Association argues that Jones cannot establish surprise because its counsel, Amy Vanhoose, (1) had a telephone conversation with Jones on October 12, 2011, about the Association's res judicata defense; and (2) wrote Jones on October 25, 2011, explaining the doctrine of res judicata and informing Jones that, if she did not dismiss her lawsuit with prejudice, the Association would file a motion for summary judgment based on res judicata. In her own affidavit attached to the response to the motion for summary judgment, Jones denied (1) that Vanhoose mentioned anything about filing the motion for summary judgment in that conversation; and (2) receiving the October 25, 2012 correspondence.

Even without Vanhoose's affidavit concerning prior communications with

---

[2] *See Hinojosa Auto Body & Paint, Inc. v. Finishmaster, Inc.*, No. 03-08-00361-CV, 2008 WL 5210871, at *4 (Tex. App.—Austin Dec. 12, 2008, no pet.) (mem. op.) (holding *Goswami* presumption did not apply because the record demonstrated that the trial court did not consider the late-filed amended pleadings where the court took judicial notice of its file and found that nothing had been filed in the case since the date the movant filed its motion for summary judgment); *McIntyre v. Wilson*, 50 S.W.3d 674, 683–84 (Tex. App.—Dallas 2001, pet. denied) (holding *Goswami* presumption did not apply because the record clearly revealed that the trial court considered the fifth amended petition filing to be untimely).

Jones about the Association's res judicata defense, Jones did not show surprise or prejudice. Jones repeatedly stated in her petition in the current lawsuit that the annexation issue was never ruled on in the 2005 or 2006 lawsuits.[3] Jones, who is pro se, told the associate judge that she had an attorney assist her: "And an attorney told me to do it. Just exactly this way —[.]" Therefore, Jones knew when she filed her lawsuit that res judicata would be an issue. Jones also knew that the Association was asserting res judicata when it filed the motion for summary judgment on January 17, 2012, more than a month before the hearing. *See 9029 Gateway S. Joint Venture v. Eller Media Co.*, 159 S.W.3d 183, 187 (Tex. App.—El Paso 2004, no pet.) (holding that the appellant did not show surprise over the late-filed amended answer alleging affirmative defense of cancellation because the appellant knew (1) before it filed suit that the appellee contended that it was entitled to cancel the lease; and (2) when the appellee filed its motion for summary judgment on that defense). We conclude that the second prong has been satisfied. Therefore, the *Goswami* presumption is applicable, and we presume the trial court granted leave to the Association to late file its first amended answer. We overrule

---

[3] Jones alleged in her petition in the current lawsuit, in relevant part:

4.  The court did not grant Plaintiff's Motion for New Trial to reopen Cause [No.] 05-CV-140570 [the 2005 lawsuit] for the issue of the July, 2002 annexation and ruled that the Defendant's July 16, 2002 meeting quorum was met "by combining options #1 and #2 on the proxy ballot." The annexation issue was never ruled on.

5.  The Plaintiff then filed a lawsuit with 35 other homeowners living in Section 5 and 6 (both sections had been annexed at the July, 2002 meeting) disputing the illegal annexation but Plaintiff's Attorney Helen Mayfield was involved in criminal activity and neglected the case and the annexation was never ruled upon at the District level . . . .

6.  The Plaintiff is herewith filing this complaint as the annexation issue was never ruled on by a judge or jury and the matter still needs to be resolved so Plaintiff can have a legal decision pertaining to whether or not the annexation was legal . . . .

7

Jones's first issue.

## B.  Res Judicata

In her second issue, Jones asserts that the trial court committed reversible error by granting the Association's motion for summary judgment because the issue was never litigated and a final judgment was never issued.

We review the trial court's granting of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam).  To be entitled to summary judgment under Rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).  A defendant moving for summary judgment on an affirmative defense must prove conclusively the elements of the defense.  *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).  We take as true all evidence favorable to the nonmovant and resolve any doubt in the nonmovant's favor.  *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).  We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc.*, 289 S.W.3d at 848.

Res judicata precludes litigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).  For res judicata to apply, there must be: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.  *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250

S.W.3d 78, 86 (Tex. 2008).

"The *res-judicata* doctrine 'serves vital public interests' by promoting the finality of judgments." *Hallco Tex., Inc. v. McMullen Cnty.*, 221 S.W.3d 50, 58 (Tex. 2007) (quoting *San Remo Hotel, L.P. v. City & Cnty. of San Francisco*, 545 U.S. 323, 345 (2005)). The doctrine of res judicata prevents needless, repetitive litigation, and in doing so, advances the interests of "the litigants (who must pay for each suit), and the public (who must provide jurors and administration for each suit)." *Id.* (internal quotations and citations omitted); *see also Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) ("The doctrine seeks to bring an end to litigation, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery.").

Texas applies the "transactional approach" to res judicata. *Hallco Tex., Inc.*, 221 S.W.3d at 58. Under the transactional approach, a subsequent suit is barred if it arises out of the same subject matter as the prior suit, and that subject matter could have been litigated in the prior suit. *Daccach*, 217 S.W.3d at 449. "[A] final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions out of which the action arose." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex. 1992) (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982)). "Determining the scope of the 'subject matter' or 'transaction' of the prior suit requires 'an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action.'" *Daccach*, 217 S.W.3d at 449 (quoting *Barr*, 837 S.W.2d at 630). "This should be done pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." *Id.* (internal quotations and citations omitted). Any cause of action which arises out of

those same facts should be litigated in the same lawsuit. *Barr*, 837 S.W.2d at 630.

The Association argues that the issue of whether Sections 5 and 6 were properly annexed was litigated and resolved in its favor in the 2005 lawsuit. Jones, on the other hand, contends that no final judgment on the legality of the annexation was rendered in the 2005 lawsuit because the issue in that suit was whether the quorum was met.[4] Jones does not challenge the element that the parties are the same in both the 2005 lawsuit and the current lawsuit.

The subject matter of the 2005 lawsuit was the validity of the annexation because the quorum was purportedly not met. In her first amended petition in the 2005 lawsuit, Jones specifically alleged that "[b]ecause there was no quorum at the July 16, 2002 Annual Meeting, . . . *the annexation* of new sections 5 and 6 into the Villages of Town Center Subdivision *did not occur*."[5] Prior to the trial court's signing the final judgment in the 2005 lawsuit, Jones filed a motion for new trial, in which she argued there were not enough votes to pass the annexation of Sections 5 and 6.[6] The motion for new trial was apparently overruled, although we do not

---

[4] Jones argues there was no final judgment in the 2006 lawsuit on the annexation issue. However, the Association only bases its res judicata defense on the 2005 lawsuit, not the 2006 lawsuit.

[5] Emphasis added.

[6] Jones argued in her motion for new trial:

> I told the Court at the trial October 6, 2005, that the annexation issue was under a different percentage requirement (which affects the amount of proxies/directed ballots needed to pass). For all the amendments except the annexation, the requirement is 51%. For the annexation, it is 66.67% (or two-thirds). The Court did allow my evidence, Declaration 8906349 Plaintiff's Exhibit "43" but erred when it failed to act on that revelation. . . .
>
> * * *
>
> In regard to the Annexation issue, the loss or shortage in votes was greater as the percentage required to pass was *different and higher*. Instead of 51%, two-thirds (2/3) was needed, so two-thirds (2/3) of 445 houses is 296.66 instead of the 226.95 required for the other amendments. After counting the votes for the

10

know on this record whether it was by written order or operation of law. The trial court implicitly found that quorum was met at the July 16, 2002 annual meeting. In other words, there could have been no annexation, if quorum had not been met as alleged by Jones. Because the trial court found that there was a quorum, it determined by necessity that the annexation was valid.

We conclude that (1) the legality of the annexation of Sections 5 and 6 was an issue in the 2005 lawsuit and was tried to final judgment; (2) the parties are the same in both the 2005 lawsuit and the current lawsuit; and (3) Jones has raised the issue of the legality of the annexation again in the current lawsuit. *See Igal*, 250 S.W.3d at 86. Therefore, the Association conclusively established the required elements for its res judicata defense, and the trial court properly granted summary judgment. *See Honeycutt v. Higgins*, No. 11-03-00081-CV, 2004 WL 1403699, at *2 (Tex. App.—Eastland June 24, 2004, no pet.) (mem. op.) ("Summary judgment may be obtained on the affirmative defense of res judicata."); *Ayre v. J.D. Bucky Allshouse, P.C.*, 942 S.W.2d 24, 26 (Tex. App.—Houston [14th Dist.] 1996, writ denied) ("Because res judicata is an affirmative defense, appellee was required to conclusively establish all elements of that defense as a matter of law."). We overrule Jones's second issue.[7]

---

annexation amendment, I counted 234 votes actually received.

*     *     *

. . . Whether or not you combine the proxies/directed ballots, the bottom line is that none of the amendment [including the annexation amendment] passed in 2002. . . .The current President . . . crossed off her name, added her name and filed the document December 11, 2002 to annex me (Section 5) to the association even though the developer had provided provisions for me as a non member and now we know even though the annexation amendment had not passed. . . .

[7] Jones also claimed in her second issue that the trial court erred by granting the Association's motion for summary judgment because there is a genuine issue of material fact with respect to whether her property was legally annexed. Because we hold that the trial court properly granted summary judgment on res judicata, we do not address Jones's argument that a fact issue exists as to whether the annexation was legal.

11

## C. Oral Testimony

In her third issue, Jones claims the trial court committed reversible error when it granted the Association's motion for summary judgment based on the Association's counsel's oral testimony as opposed to the record on file.

"No oral testimony shall be received at the [summary judgment] hearing." TEX. R. CIV. P. 166a(c). "Under [Rule 166a(c)], it would be error for the trial court to grant or deny summary judgment based upon oral testimony, as opposed to argument and the summary-judgment record." *Mireles v. Morman*, No. 03-09-00451-CV, 2010 WL 3059241, at *9 (Tex. App.—Austin Aug. 6, 2010, no pet.) (mem. op.); *see also Lann v. Callahan*, No. 04-04-00718-CV, 2006 WL 1684785, at *1 (Tex. App.—San Antonio June 21, 2006, no pet.) (mem. op.) (holding trial court did not err in sustaining objections to attempts by the appellant to "orally testify regarding factual evidence that was not properly submitted in a response to the summary judgment motions"). Moreover, unsworn statements by counsel are not evidence. *Daugherty v. Jacobs*, 187 S.W.3d 607, 619 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 757 (Tex. App.—Dallas 1993, no writ).

A review of the reporter's record of the summary judgment hearing shows that the Association's counsel, Amy Vanhoose, did not testify at the hearing but presented argument. When it was Jones's turn to present argument, Jones stated: "Now, I'm under oath, I assume, and I am telling — giving you some facts here that is absolutely on point." The associate judge told Jones "You are not under oath. . . . I'm deeming you as an officer of the court. Would you like to be sworn in?" Jones said that she would, and the associate judge swore her in, even though the Rule 166a(c) does not permit the court to received oral testimony. *See* TEX. R. CIV. P. 166a(c). In any event, the record shows that the trial court did not base its

ruling on any "testimony," but the law and the summary judgment evidence. We overrule Jones's third issue.

## D. Texas Rule of Civil Procedure 166a

In her fourth issue, Jones claims the trial court committed reversible error by granting the Association's motion for summary judgment because the Association's motion did not comply with summary judgment law. In this multifarious issue, Jones raises a litany of complaints about the Association's motion for summary judgment and the evidence submitted in support of its motion. "The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). If the appellate court concludes that a point of error is multifarious, it may refuse to review or it may consider the point of error if it can determine with reasonable certainty the error about which complaint is made. *In re S.K.A*, 236 S.W.3d 875, 894 (Tex. App.—Texarkana 2007), *pet. denied*, 260 S.W.3d 463 (Tex. 2008) (per curiam); *Green v. Kaposta*, 152 S.W.3d 839, 842 n.2 (Tex. App.—Dallas 2005, no pet.); *Bell v. Tex. Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 157 n.1 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Here, we are unable to discern Jones's complaint as to how the Association's motion for summary judgment does not comply with the summary judgment rules. Because we cannot determine Jones's complaints due to deficient briefing, we do not address this issue. *See In re A.R.*, 236 S.W.3d 460, 477 (Tex. App.—Dallas Oct. 19, 2007, no pet.) (mem. op.) (holding that issue could not be considered because it was multifarious and inadequately briefed). We overrule Jones's fourth issue

## E. Trial Court Partiality

In her fifth issue, Jones claims the trial court committed reversible error by granting the Association's motion for summary judgment with sanctions because

the trial court "showed partiality towards [the Association's] counsel as opposed to [a] pro se litigant." As we have already held, the trial court properly granted summary judgment on the Association's affirmative defense of res judicata.

We furthermore conclude that the trial court did not abuse its discretion by granting the Association's motion for sanctions. We review the imposition of sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). Chapters 9 and 10 of the Civil Practice and Remedies Code and Rule 13 of the Texas Rules of Civil Procedure allow a trial court to sanction an attorney or party for filing motions or pleadings that lack a reasonable basis in fact or law. *Id.* Here, Jones's petition lacked a reasonable basis in law or fact. Jones's claims had already been determined against Jones's in a final judgment by the same trial court in the 2005 lawsuit. Moreover, Jones stated in her current pleading that she had raised these very claims in another lawsuit she filed in 2006. Jones's filing repetitious lawsuits is grounds for sanctions. *See Hatton v. Grigar*, No. 01-09-00588-CV, 2011 WL 649685, at \*5 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, pet. denied) (mem. op.) (affirming award of sanctions where suit was barred by res judicata); *Pope v. Gaffney*, No. 04-05-00763-CV, 2006 WL 1814345, at \*3 (Tex. App.—San Antonio July 5, 2006, pet. dism'd w.o.j.) (mem. op.) (affirming award of sanctions "for the filing of this cause of action when it had already been tried once"). We overrule Jones's fifth issue.

## III. CONCLUSION

Having overruled all of Jones's issues, we affirm the trial court's judgment.

/s/     Sharon McCally
         Justice

Panel consists of Justices Christopher, Jamison, and McCally.

14